Carutiiers, J.,
delivered the opinion of the Court.
On the 2d of January, 1855, judgment was rendered in favor of the plaintiff against the defendant, by John Davis, a justice of the peace for Greene county. On appeal to the Circuit Court, the judgment was affirmed. The only question there made was, whether the said John Davis was, at the time, authorized to exercise the functions of that office.
By the agreed case, the facts are these : Davis was elected by the people of the 10th civil district of Greene county, on the 2d day of February, 1852, to fill the vacancy occasioned by the resignation of Robert M. Williams, Esq., whose term would have expired on the 4th of March, 1854, on which day three other citizens were elected magistrates for said district, and Davis defeated. He accordingly, under the idea that his office was terminated, surrendered the books and papers to his successor. Under this impression, he ceased to act as a justice until about the time of the commencement of this suit.
*8 These facts distinctly raise the question of the constitutionality of that part of the 15th section of ch. 1 of the acts of 1835, (Car. & Nich. 430,) which limits the term of a justice elected to fill a vacancy, produced by resignation, &c., to the unexpired term of his predecessor. In such a case, had the Legislature the power, under the constitution, so to circumscribe the term of the newly elected justice, or is he entitled to the office for six years?
The 15th section of the 6th article of the constitution provides, that there shall be two justices of the peace in each civil district, and that they “ shall be elected for the term of six years,” by the people, commissioned by the Governor, &c. No provision is made for the filling of vacancies in that section, or any where else, in terms. But this omission is remedied in the next article, by reference to the Legislature.
“ Article 7, section 4. The election of all officers, and the filling of all vacancies that may happen, by death, resignation, or removal, not otherwise directed or provided for by this constitution, shall be made in such manner as the Legislature shall direct.”
The convention had, in section 2 of the same article, directed how vacancies in the offices of sheriff, trustee, register and clerk, should be filled; and, in other articles, power is given to the Governor to fill certain vacancies; but, in relation to justices and constables, no direction is given. In these cases, vacancies shall be filled “ in such manner as the Legislature shall direct.” The legislative direction is:
“ If any vacancy occur in the office of justice of the peace or constable, by death; resignation, or removal *9 from office, or by the removal of any of said officers from the district in which he was elected, the sheriff or coroner shall, immediately thereafter, by giving ten days’ notice by advertisement, open and hold an election in said district, to fill such vacancy, agreeably to the provisions of this act; and the person elected shall be qualified according to law, and shall hold his office for and during the term for which his predecessor was elected, and no longer. Act 1835, ch. 1, sec. 15.
This is a clear and legitimate exercise of power, so far as the “ manner” of filling vacancies is prescribed ; • but where was the authority to shorten the term of service fixed by the constitution ? By that, every justice of the peace “shall be elected for the term of six years;” and by this act, for any period that might remain of the term of his predecessor, whether one, two, three, four, or five years, or even a portion of a year.
Plere, then, is a palpable conflict between the constitution and the act, as to the duration of the term for which a justice of the peace shall hold his office, after his election by the people. The former, being supreme, must prevail. The term is there fixed at six years under all circiwistances, and without exception; and no power is given to the Legislature to abbreviate it, but only to provide for the mode and manner of keeping the office filled. This is the extent of the power delegated; and' it does not reach the term' of service; that is unalterably fixed at six years by the highest law, and it is not competent for the Legislature to shorten, any more than to lengthen it. Brewer vs. Davis, 9 Humph., 213, is an' authority in point.
*10 For any confusion or want of uniformity that may result from this construction, we are not responsible. It is for us to declare the law as we find it, without regard to results.
We therefore hold, that John Davis was clothed with the power and authority of a justice of the peace of Greene county, for the term of six years from the day of his election, the 2d of February 1852, and consequently had the authority to render this judgment on the 2d of January 1855. The vacancy was not of the term for which Williams, his predecessor, was elected, but of the office which he occupied, and made vacant by his resignation. An error of judgment upon this point was, perhaps, what misled the Legislature.
There is, then, no error in the judgment of the Circuit Court, and we affirm it.