WILL AMMONS *v.* JOSIE COKER.

*(Jackson.*   April Term, 1911.)

1. FORCIBLE ENTRY AND DETAINER.   Defendant cannot,
   within the two days· allowed for appealing, use certiorari
   without supersedeas in lieu of the appeal.

Under our statutes, it was intended to allow the unsuccessful
   defendant in an action of forcible entry and detainer before a
   justice of the peace, if dissatisfied, either to appeal and sur-
   render the property, or to retain the property by obtaining a
   writ of *certiorari* and *supersedeas* upon the execution of a
   *supersedeas* bond, which would operate as a substitute for the
   appeal, and give a new trial in the circuit court, but these
   remedies were not intended to be concurrent, so that within the
   two days after the justice's judgment the writ of *certiorari*
   without *supersedeas* cannot be used as a substitute for an
   appeal.

Code cited and construed:   Secs. 5108-5111 (S.); secs. 4090-
   4093 (M. & V.); secs. 3360-3362 (T. & S. and 1858); secs. 3373a,
   3373b (T. & S.).

2. SAME.   Defendant may appeal upon pauper oath, if willing
   to surrender possession.

A defendant in a forcible entry and detainer suit, if willing to
   surrender possession pending the litigation in the higher courts,
   may obtain an appeal without bond upon taking the pauper's
   oath.   (*Post,* p. 681.)

Case cited and approved:   Lynn v. Manufacturing Co., 8 Lea, 29.

3. SAME.   Certiorari cannot be used as substitute for appeal
   without showing sufficient reason for not appealing.

Where the writ of *certiorari* is sought to be used as a substitute
   for an appeal, the party applying therefor must show in his

Ammons v. Coker.

petition some good and sufficient reason for not taking an appeal, and when such good and sufficient reason is not shown, the writ must be dismissed; and this rule obtains in forcible entry and detainer cases as well as in other cases. (*Post, pp.* 681-683.)

Code cited and construed: Sec. 5111 (S.); sec. 4093 (M. & V.); secs. 3362, 3373b (T. & S. and 1858).

Cases cited and approved: Hale v. Landrum, 2 Humph., 32; McMurry v. Milan, 2 Swan, 176; McCormack v. Murfree, 2 Sneed, 46; Copeland v. Cox, 5 Heisk., 171; Hardin v. Williams, 5 Heisk., 385.

## FROM LAUDERDALE.

Appeal from the Circuit Court of Lauderdale County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—S. J. EVERETT, Judge.

J. W. ATKINS, for plaintiff.

W. W. CRAIG, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is an action of forcible entry and detainer, originating before a justice of the peace in Lauderdale county, to recover possession of certain premises there located.

There was a judgment in favor of Ammons, and on the next day, Mrs. Coker, upon a petition addressed to the circuit judge, obtained a fiat for a writ of *certiorari,* to transfer the case to the circuit court.

Six days after the judgment, Ammons obtained a writ of possession from the justice of the peace, giving bond as required by law, and the writ was executed and he was put in possession.

At the next term of the circuit court, Ammons entered a motion to dismiss the *certiorari* and strike the case from the docket, because the petition for *certiorari* showed on its face that it was filed on the first day after the judgment of the justice of the peace was entered and before Mrs. Coker had lost her right to appeal; and because it was said that, under section 5111, Shannon's Code, it was not intended that a *certiorari* should issue in such cases except with *supersedeas* and bond. There was no bond given in this case by Mrs. Coker, but the fiat directed the issuance of the writ and recited that the petitioner had taken the oath prescribed for poor persons.

The motion to dismiss this petition was overruled by the circuit judge and a trial was had upon the merits, which resulted in favor of Mrs. Coker and an appeal was taken to the court of civil appeals, the action of the circuit judge in overruling the motion to dismiss being assigned as error, and the court of civil appeals affirmed the judgment below. A petition for *certiorari* was presented to this court earlier in the term, which was

granted and the case placed upon the docket here for argument.

The question for determination in the case is whether, under our statutes, in an action of forcible entry and detainer, where there has been a judgment for the plaintiff, the defendant can remove said cause to the circuit court, upon *certiorari* (without *supersedeas*), within the two days allowed for appeal.

The various provisions respecting the removal of these suits from the magistrate's court to the circuit court are contained in Shannon's Code, section 5108, *et seq.*:

5108. "An appeal will also lie in suits commenced before justices, under the provisions of this chapter, within the two days allowed by law, as in other cases, the appellant, if the defendant, giving bond as in the case of a *certiorari*.

5109. "No execution or writ of possession shall issue against the defendant upon any judgment, under these provisions, until after the lapse of five days from the rendition of the judgment.

5110. "Whenever judgment shall be rendered in favor of the plaintiff in any action of forcible entry and detainer, forcible detainer, or lawful detainer, brought before a justice of the peace and a writ of possession shall be awarded, the same shall be executed and the plaintiff restored to the possession immediately: Provided that, if the defendant pray an appeal, then, in that case, the plaintiff shall execute bond with good and sufficient security in double the value of one year's rent of the prem-

ises, conditioned to pay all costs and damages accruing from the wrongful enforcement of said writ, and to abide by and perform whatever judgment may be rendered by the appellant writ (appellate court) in the final hearing of the cause.

5111. "The proceedings in such actions may, within thirty days after the rendition of judgment, be removed to the circuit court by writs of *certiorari* and *supersedeas* which it shall be the duty of the judge to grant upon petition, if merits are sufficiently set forth, and to require from the applicant a bond, with security sufficient to cover all costs and damages; and, if the defendant below be the applicant, then the bond and security shall be of sufficient amount to cover, besides costs and damages, the value of the rent of the premises during the litigation."

It will therefore be seen, under the statutes as they now stand, in cases where the plaintiff is successful before the justice, he is entitled to a writ of possession five days from the judgment.

If the defendant is dissatisfied with the judgment and exercises his right of appeal within the two days allowed, the plaintiff is not thereby deprived of the right of possession resulting from the judgment of the magistrate, but before obtaining the writ of possession, the statute requires him, the case having been appealed by defendant, to execute a bond in double the value of one year's rent of the premises, and for costs and damages, etc., the idea being that the bond thus given by the plaintiff will

protect the defendant fully, and the possession of the land will protect the plaintiff fully, pending the final result of the case on appeal.

Inasmuch, however, as there are cases in which it might be inequitable to deprive the defendant of the possession of the premises in controversy pending the appeal, the statute provides for a remedy in his behalf. If he is cast in the suit before the magistrate, he may, upon a petition showing sufficient merit, obtain the writs of *certiorari* and *supersedeas,* which will stay the executtion of the magistrate's judgment and the writ of possession thereupon. But to obtain this relief, the defendant must execute a bond to cover the rent of the premises during the litigation, and costs and damages.

In other words, if the defendant desires to retain possession pending the determination of the case in the higher courts, he has his remedy by *certiorari* and *supersedeas.* If he is willing to surrender possession pending the litigation in the higher courts, he has his remedy by appeal, which may be obtained on the pauper's oath. *Lynn* v. *Tallico Mfg. Co.,* 8 Lea, 29.

It was not the intention of the statutes to give a defendant, cast in the suit before a magistrate, a right to use writ of *certiorari* concurrently with the right of appeal.

The writ of *certiorari* in this case is not sued out for the purpose of obtaining for the defendant any other relief than that to which she would be entitled upon a simple appeal. She does not insist that she is entitled,

under this writ, allowed without the *supersedeas,* to retain possession of the property. In other words, she seeks to use the writ merely as a *substitute* for an appeal. It is well settled by numerous decisions in this State that when the writ of *certiorari* is sought to be used as a substitute fon an appeal, the party applying must show in his petition some good and sufficient reason for not taking an appeal, and when such good and sufficient reason is not shown, it is proper to dismiss the writ. Caruther's History of a Lawsuit (Martin's Ed.), section 375; *Hardin* v. *Williams,* 5 Heisk., 385; *McCormack* v. *Murfree,* 2 Sneed, 46; *Hale* v. *Landrum,* 2 Humph. 32; *Copeland* v. *Cox,* 5 Heisk., 171; *McMurry* v. *Milan,* 2 Swan, 176, and numerous other cases.

If Mrs. Coker had been deprived of her right of appeal, or if any good reason existed and had been shown for not taking an appeal, there is no doubt but that she might have taken this case to the circuit court upon the writ of *certiorari,* in lieu of the lost appeal. Or she could have used the *certiorari* and *supersedeas* together at any time after the judgment before the magistrate, had she wished to remain in possession of the property, as provided by Shannon's Code, section 5111.

We are of opinion, however, that she cannot use the writ of *ceritorari* as a *substitute* fon an appeal, without showing some reason therefor, in a forcible entry and detainer case, any more than she could in any other kind of case. It was not the intention of these statutes we have quoted to confer upon a defendant the right to use

the writ of *certiorari,* within two days after judgment, concurrently with the right of appeal, to obtain the same relief.

The result is that the circuit court and the court of civil appeals were in error in overruling the motion to dismiss the petition for *certiorari*. Judgment will be entered here, therefore, reversing the judgment of both the lower courts and dismissing said petition.