**NEWPORT HOUSING AUTHORITY,**
**Plaintiff/Appellee,**

v.

**Linda T. BALLARD,**
**Defendant/Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Sept. 28, 1992.

Jeffrey A. Armstrong, Morristown, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Diane M. Nisbet, Sp. Asst. Atty. Gen., Nashville, for the State.

John A. Bell, Newport, for appellee.

## OPINION

O'BRIEN, Justice.

In this appeal of a landlord-tenant dispute we are asked to rule upon whether a defendant in an unlawful detainer action, brought under T.C.A. § 29–18–101 et seq., has the constitutional right to a jury trial in a general sessions court.

The appellee, Newport Housing Authority, caused a detainer warrant to be issued against tenant, Linda Ballard. At the detainer warrant hearing in general sessions court Ms. Ballard demanded a jury trial. The demand was denied and after a hearing upon the merits of the cause, the general sessions judge found for the plaintiff and entered judgment granting possession of the subject property to the housing authority. Ms. Ballard served timely notice of appeal from the general sessions court judgment. In the circuit court she motioned for remand, requesting that the cause be sent back to general sessions for a jury trial. The circuit court denied the request.

Subsequent to the denial for remand, a *de novo* jury trial was held in circuit court pursuant to T.C.A. § 29–18–128 and T.R.C.P. § 38.03. The jury found for the landlord, and possession of the premises was again awarded to the Newport Housing Authority. Contending a violation of the State Constitution of Tennessee, Ms. Ballard appeals the denial of her motion for a general sessions jury trial directly to this Court.

Appellant insists that the required statutory procedure in an unlawful detainer action denies the constitutional guarantee of a trial by jury. She also argues that, because of the amount of bond required to remain in possession of the subject property, the appeal to a *de novo* circuit court jury trial offers no cure for the lack of jury trial at the general sessions level. In support of this contention, appellant relies entirely upon the conclusion reached in a law review article written in 1975. The author of the article suggests that Tennessee should adopt, by analogy, a non-binding 1974 United States Supreme Court decision holding that the Seventh Amendment of the Constitution guarantees the right to a jury trial in all actions to recover possession of real property brought under a District of Columbia statute. *See Brown, Right to a Jury Trial in Forcible Entry and Detainer Actions in General Sessions Courts in Tennessee,* 6 Mem.St. U.L.Rev. 59 (1975); *also Pernell v. Southall Realty,* 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974).

Newport Housing Authority argues that no right to a jury trial in an unlawful detainer action exists in Tennessee; or, in the alternative, if a guaranteed right to a jury trial in unlawful detainer actions does exist, such right is fulfilled by the availability of a *de novo* jury trial appeal to the circuit court. The State Attorney General joins this cause in defense of the constitutionality of T.C.A. § 29–18–119 and supports the Housing Authority's contention that no constitutional right to jury trial exists in Tennessee for either party to an unlawful detainer action heard in general sessions court.

At the time the warrant was issued in this case T.C.A. § 29–18–119 provided the manner in which an unlawful detainer action was to be tried in the general sessions court.

(a) The cause shall be tried at the time and place designated, by a single general sessions judge, without the intervention of a jury, and in all respects like other civil suits before the court of general sessions.

(b) The general sessions judge will try every case upon its merits, without regard to matters of form, and ascertain whether the plaintiff or defendant is entitled to the possession of the premises agreeably to the laws governing such cases and give judgment accordingly.

(c) The estate, or merits of the title, shall not be inquired into.

■ Specifically, appellant contends that the statutory mandate of T.C.A. § 29–18–119(a), denying a plaintiff in an unlawful detainer action the right to a jury trial in general sessions court, violates the Tennessee Constitutional guarantee found in Article I, Section 6, which states in part:

the right to a trial by jury shall remain inviolate [1] ...

■ We do not find ourselves in accord with appellant's reasoning. Article I, Section 6 of the Tennessee Constitution has never mandated the right to a jury trial in every civil cause. The right of trial by jury sanctioned and secured by this constitutional provision is the right of trial by jury as it existed at common law and was in force and use under the laws and Constitution of North Carolina at the time of the formation and adoption of our Constitution in 1796. *Trigally v. Mayor of Memphis*, 46 Tenn. 382 (1869); *Marler v. Wear*, 117 Tenn. 244, 96 S.W. 447 (1906); *Harbison v. Briggs Bros. Paint Mfg. Co.*, 209 Tenn. 534, 354 S.W.2d 464 (1962); *Grooms v. State*, 221 Tenn. 243, 426 S.W.2d 176 (1968). Cases not triable by jury at the time of the formation of the Constitution need not be made

so now. *Memphis & Shelby County Bar Association v. Vick*, 40 Tenn.App. 206, 290 S.W.2d 871 (1955).

Although actions to recover possession of real property existed at common law the particular action of unlawful detainer resulted from the evolution of the law and did not appear in this State until passage of the first unlawful detainer statute in 1821.[2] The Act of 1821 required that an unlawful detainer action be tried before at least two justices and a jury of 20 men. The jury requirement was later deleted from the statute and the minimum number of justices required to try the cause was increased to three (3).[3] In 1879, the Legislature once again amended the statute, to require an unlawful detainer action to be heard and determined by a single justice without the intervention of a jury. This procedure has been carried forward to the present and is included in T.C.A. § 29–18–119(a). It is indisputable that the action of unlawful detainer was non-existent at the time of, or prior to, the adoption of the original Tennessee State Constitution.[4] The unlawful detainer statute has served us well for more than 100 years and we fail to see the propriety in declaring it unconstitutional at this late date.

The argument propounded in the law review article adopted by appellant as the basis for seeking a reversal of the lower courts' decisions denying her demand for a jury trial in general sessions court relates wholly to forcible entry and detainer actions. The writer leans heavily on the United States Supreme Court case of *Pernell v. Southall Realty, supra.* The article concludes with the statement that "[t]he decision in *Pernell* clearly establishes the principle that the Seventh Amendment preserves the right to trial by jury in

1. The full text of Article I, Section 6, is as follows—"That the right of a trial by jury shall remain inviolate, and no religious or political test shall ever be required as qualification for jurors."

2. *See* Act of 19 October 1821, Chapter 14, Section 1, et.seq. Tennessee Public Acts (1821–24).

3. Act of 4 February 1842, Chapter 186, Sec. 1, Tennessee Public Act (1841–42).

4. The first Constitution of the State of Tennessee was adopted by Convention on 6 February 1796. A second Constitution was adopted by convention in Nashville in 1834, submitted to a general vote in 1835 and became effective by a proclamation of the Governor on 27 March 1835. A third Constitution adopted on 5 May 1870 is the Constitution under which the State of Tennessee currently abides.

all actions to recover possession of real property. Although the Seventh Amendment does not apply to the states, the analogous provision in the Tennessee Constitution should be given the same interpretation. Consequently, either party to an F.E.D. action should be afforded the right of trial by jury in the court in which the action is filed, and the statute giving general sessions court the right to try F.E.D. cases without a jury should be declared unconstitutional. Notwithstanding this, it is recognized that there is presently no machinery for jury trials in most of the general sessions courts in Tennessee and to require such a system to be instituted or, alternatively, to try all F.E.D. cases in the circuit courts is impractical. Also, at present, it is questionable whether general sessions courts could use the expedient procedure of summary judgment if jury trials were made available in those courts."

We are not persuaded by the author's reasoning. Since we are not bound by the United States Supreme Court's ruling in any interpretation of our own statutes, we also find the judgment in *Pernell* less than convincing. Because there has been some analogy made between the terms ejectment, forcible entry and detainer, and unlawful detainer, we consider it appropriate to point out that each is a different cause of action, defined separately in the statutes. T.C.A. § 29–15–101 and § 29–18–106 each provide for alternative actions in the same language, "where the action is to recover real property, ejectment, or forcible or unlawful entry or detainer may be brought." However, under T.C.A. § 29–15–102 the right to ejectment is vested in any person having a valid subsisting legal interest in real property, and a right to the immediate possession thereof to recover the same by an action of ejectment." Ejectment is purely a legal action to be brought in circuit or chancery court with the only question being one of legal title and the right to possession in connection with the title. *Harris v. Buchignani*, 199 Tenn. 105, 285 S.W.2d 108 (1955). Forcible detainer is defined in T.C.A. § 29–18–103 as where a person enters lawfully or peaceably, and holds unlawfully, by any of the means enumerated in T.C.A. § 29–18–102. Unlawful detainer is defined in T.C.A. § 29–18–104 as where the defendant enters by contract, either as a tenant or as an assignee, or as a sub-tenant, or by collusion with a tenant, and, in either case, willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion. Both ejectment and forcible entry and detainer were common law actions, the first considered a common law crime, and the second a civil offense. The legislative differentiation clearly establishes that the statutory offense of unlawful detainer is to be considered as a separate cause of action. However, evidentiary differences are not all that separate these causes of action. The intent of the 1821 legislative act, in creating the action of unlawful detainer, was to streamline the cumbersome and more formal common law action, such as ejectment, used to determine rightful possession of real property.

> "The object of the action is to afford a speedy, cheap, and expeditious mode of recovering a possession of which anyone has been deprived by force and violence, or where land is withheld from the lessor or remainder-man after the termination of the lease or life estate. This last case is a new feature in this branch of the law, unknown in England, and in this State, until the passage of the Act of 1821. It is set forth in that Act and is denominated 'unlawful detainer.'" *Hopkins v. Calloway*, 35 Tenn. (3 Sneed) 10–12 (1855).

We are further persuaded in this view by the provisions in Title 29, Chapter 15, for jury trials in ejectment actions while Title 29, Chapter 18, provides for concurrent jurisdiction in general sessions court and the circuit court as well, where a jury trial is available. As the law presently stands, there is no constitutional right under the provisions of Article I, Section 6, no common law right, or statutory right to a jury trial for either party in an unlawful detainer action heard in general sessions court.

█ It may be argued that some appeal bonds can be so costly as to deny equal

protection to poorer litigants by effectively foreclosing avenues of obtaining a jury trial if one is desired. The appeal bond requirements of T.C.A. § 29–18–128 through § 29–18–130 do not impose any unreasonable or irrational burdens upon parties seeking to appeal an adverse decision from the general sessions court. Moreover, the right to appeal and the concomitant right to a trial by jury is preserved even for those litigants without financial resources. As this Court has long recognized, if a party "is willing to surrender possession pending the litigation in the higher courts, there is a remedy by appeal which may be obtained on the pauper oath." *See Ammons v. Coker*, 124 Tenn. 676, 681, 139 S.W. 732, 733 (1911).

We conclude that under the provisions of T.C.A. § 29–18–101, et.seq., litigants are guaranteed a trial by jury on appeal of a general sessions court judgment in an unlawful detainer action. Appellant has received the benefit of jury consideration of the merits of her claim. The result reached by the trial court in this case is affirmed. Costs are assessed against the appellant.

REID, C.J., and DROWOTA and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.