IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 11, 2007 Session

# SWANSON DEVELOPMENTS, LP v. BILL TRAPP and JIM OLSEN, INDIVIDUALLY, and d/b/a PAKSOURCE a/k/a PARKSOURCE

Direct Appeal from the Circuit Court for Rutherford County
No. 48353     Hon. J. Mark Rogers, Circuit Judge

No. M2006-02310-COA-R3-CV - Filed February 29, 2008

Plaintiff filed this action in General Sessions Court, seeking back rent and possession of properties leased to defendants. The Sessions Court gave plaintiff monetary judgment against defendants, who appealed to Circuit Court and made an appeal bond in the amount of $500.00 pursuant to Tenn. Code Ann. § 27-5-103. In Circuit Court plaintiff contended that defendants should have given an appeal bond as specified in Tenn. Code Ann. § 29-18-130 and asked the Circuit Court to dismiss the appeal. The Circuit Court refused and ultimately dismissed plaintiff's claims. On appeal we hold that defendants failed to give the proper statutory bond to appeal the case to Circuit Court and that the appeal was not properly perfected and the Judgment of the Sessions Court will be reinstated upon remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and JON K. BLACKWOOD, J., joined.

Rodney M. Scott, Murfreesboro, Tennessee, for Appellant.

Brad W. Hornsby and Jonathan L. Miley, Murfreesboro, Tennessee, for Appellee.

## OPINION

This case originated in Sessions Court, when plaintiff, Swanson Developments, LP, filed a detainer warrant asserting that defendants, Bill Trapp and Jim Olsen, individually and d/b/a

Paksource, had leased commercial property from plaintiff and had failed to pay rent. Plaintiff sought possession of the premises, as well as due rent, late fees, attorney's fees, etc., pursuant to the parties' agreement.

Plaintiff obtained a judgment in General Sessions Court for $34,354.28, against all defendants, and defendants appealed the judgment to Circuit Court, and filed a $500.00 appeal bond.

While pending, defendant Trapp filed a Notice of Filing of Bankruptcy on November 29, 2005, asserting that he had filed a bankruptcy proceeding in Mississippi, and that this matter was subject to the automatic stay.

Plaintiff moved to set the case on January 26, 2006, stating that plaintiff had obtained permission from the Bankruptcy Court to proceed against the other two defendants (Olsen and Paksource), and attached a certified copy of the Agreed Order Lifting Stay as to Non-Filing Co-Debtor. The Trial Court denied all preliminary motions, and entered an Order on June 14, 2006, denying plaintiff's Motion to Dismiss for failure to file a proper appeal bond. The Court found that Tenn. Code Ann. §29-18-130(b)(2) only required the posting of a bond in the amount of one year's rent when the tenant wanted to remain in possession of the premises after an adverse ruling granting possession to the landlord. The Court found that only a cost bond as set forth in Tenn. Code Ann. §27-5-103 was required when the tenant did not wish to remain in possession, as in this case. The Court conceded that the statutes and cases construing the same were somewhat ambiguous, and suggested that plaintiff take an interlocutory appeal, if it so chose, and that plaintiff would not be prejudiced by raising this issue after a final judgment.

Thereafter, defendant Olsen filed an Appeal Bond in the amount of $22,000.00, pursuant to Tenn. Code Ann. §29-18-130(b)(2).

The trial was held on August 2, 2006. The Court entered an order dismissing defendants' Counter-Claim, finding that Tenn. Code Ann. §25-5-101(b) permitted the filing of a lien on a General Sessions judgment over $500.00, and that Tenn. Code Ann. §25-5-106 provided that if an appeal was taken, the lien could not be executed until the termination of the proceedings. The Court held that since plaintiff had not taken action to execute on the judgment lien, there was no issue to be determined. The Court determined that the lease was ambiguous and should be construed against the plaintiff, since it was prepared by the plaintiff, and found that it was uncontroverted that defendants paid $1,816.67 monthly rent through September 2001, and held that "it appears that defendants paid the lease until the lease was terminated," and plaintiff had not attempted to mitigate its damages. The Court thus dismissed plaintiff's claims.

These issues are presented on appeal:

1.      Did the Trial Court err in failing to dismiss defendants' appeal to the Circuit Court where the statutory bond required for the appeal of a detainer action was not posted?

-2-

2.      Did the Trial Court err in denying plaintiff's claim for damages by placing the burden of proof on plaintiff to prove mitigation of damages as part of its case in chief, where the defendants put on no quantifiable proof of a failure to mitigate damages?

3.      Did the Trial Court err in not rendering a decision on the issue of quantum meruit?

Plaintiff contends that defendants' appeal is void *ab initio* due to an improper bond. Plaintiff insists that the appeal of a wrongful detainer action is governed by Tenn. Code Ann. §29-18-128, and thus the bond should be that specified in Tenn. Code Ann. §29-18-130, which states:

(a) When judgment is rendered in favor of the plaintiff, in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the plaintiff restored to the possession immediately.

(b)(1) If the defendant prays an appeal, then, in that case, the plaintiff shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

(2) In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, the provisions of subdivision (b)(1) shall not apply. In that case, if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The plaintiff shall not be required to post a bond to obtain possession in the event the defendant appeals without complying with this section. The plaintiff shall be entitled to interest on the judgment which shall accrue from the date of the judgment in the event the defendant's appeal shall fail.

Defendants argue this section is inapplicable because plaintiff was not seeking to recover possession, as defendants had already relinquished possession of the premises after the detainer warrant was filed but before the trial in General Sessions Court, and thus the general statute regarding posting a cost bond for appeal (Tenn. Code Ann. §27-5-103) would apply.

In response, plaintiff points out, the warrant filed in General Sessions Court was a Detainer Warrant, and it states that defendants have unlawfully detained certain commercial rental property from plaintiff, and that plaintiff is entitled to possession of the property. The Judgment rendered in General Sessions Court also states that plaintiff shall be restored to possession of the property, plus awarded damages. This is the Judgment that defendants appealed from, filing a simple $500.00 cost bond pursuant to Tenn. Code Ann. §27-5-103, rather than the bond required by Tenn. Code Ann. §29-18-130(b)(2).

This Court has previously held that the bond statute that must be followed in these types of cases is that found at Tenn. Code Ann. §29-18-130(b)(2), rather than the general bond statute codified at Tenn. Code Ann. §27-5-103. *Amberwood Apartments v. Kirby*, 1989 WL 89761 (Tenn. Ct. App. Aug. 9, 1989). In the *Amberwood* case, possession of the leased premises had been regained by the landlord prior to the matter being heard in Circuit Court. While the Court was not addressing the issue presented in this case, i.e. whether the appeal could go forward without the bond of one year's rent as required by Tenn. Code Ann. §29-18-130(b)(2), the Court was still asked to determine which bond statute would apply, so as to decide whether the bond was posted merely to secure the defendant's presence at trial (and once defendant had appeared, whether the surety was then released from liability on the bond), or whether the bond could be used to satisfy a judgment against defendant for rent/damages. *Id.*

This Court held the latter was true, and discussed the history/background of Tenn. Code Ann. §29-18-130(b)(2), finding that it was enacted to deal with the situation as we have in this case, i.e. when a tenant appeals from an adverse decision in General Sessions court in a detainer action. *Id.* The Court reasoned that Tenn. Code Ann. §29-18-130(b)(2) would be applied in such situations, rather than Tenn. Code Ann. §27-5-103, because the bond requirement contained in the detainer statute was "an example of careful drafting by the legislature in response to a special and specific situation." *Id.*

The only exception to the application of Tenn. Code Ann. §29-18-130(b)(2) that has been recognized in the appeal of detainer actions by the tenant is set forth in *Newport Housing Authority v. Ballard*, 839 S.W.2d 86 (Tenn. 1992), and later cases relying on *Newport.* Defendants claim *Newport* supports their argument, and in that case the Supreme Court stated that an indigent defendant appealing from a General Session judgment in a detainer action could proceed on a pauper's oath, so long as the defendant surrendered possession of the premises. The issue in that case had to do with whether litigants had the right to a jury trial in a detainer action, and the Court held that there was no right to a jury trial in General Session court, but that litigants were guaranteed a trial by jury if the General Sessions judgment was appealed. *Id.* The Court noted:

> It may be argued that some appeal bonds can be so costly as to deny equal protection to poorer litigants by effectively foreclosing avenues of obtaining a jury trial if one is desired. The appeal bond requirements of T.C.A. § 29-18-128 through § 29-18-130 do not impose any unreasonable or irrational burdens upon parties seeking

to appeal an adverse decision from the general sessions court. Moreover, the right to appeal and the concomitant right to a trial by jury is preserved even for those litigants without financial resources. As this Court has long recognized, if a party "is willing to surrender possession pending the litigation in the higher courts, there is a remedy by appeal which may be obtained on the pauper oath." See *Ammons v. Coker*, 124 Tenn. 676, 681, 139 S.W. 732, 733 (1911).

*Id.* at 89-90. The *Ballard* Court recognized that indigent litigants could still proceed without filing the statutorily-required bond, so as not to be denied their day in court, but they would be forced to relinquish possession of the premises in order to do so. This is in accord with the general rule regarding pauper's oaths, that was recognized in the case of *Lewis v. Simmons*, 289 S.W.2d 702, 703 (Tenn. 1956), wherein the Supreme Court said, "The purpose of making the pauper's oath available to poor persons is to assure that no person because of his economic plight would be denied his day in court." Obviously, if indigent defendants were not allowed to proceed on a pauper's oath in this type of appeal, then that would effectively deny them their day in court and their right to a jury trial.

This right to proceed on a pauper's oath in such cases has been recognized by this Court as well. In *Johnson v. Hayden*, 1993 WL 155681 (Tenn. Ct. App. May 13, 1993), this Court reversed the Anderson County Circuit Court's decision to dismiss the defendants' appeal from a detainer action filed in General Sessions Court, stating:

Defendants have appealed, insisting they were entitled to appeal the Sessions Court judgment on a paupers oath. We agree. Plaintiff asserts that T.C.A. § 29-18-130 requires that anyone who appeals a judgment on back rent must post a bond, cash, or irrevocable letter of credit for one year's rent. This assertion is contrary to long standing case law. Impoverished tenants may appeal the result in an unlawful detainer action on a pauper's oath. What they may not do is to retain possession of the premises during the appellate process without posting bond. The right to appeal is preserved for those litigants without financial resources. The Supreme Court has long recognized that if a party is willing to surrender possession pending appeal, there is a right of appeal on the pauper's oath.

*Id.* (citations omitted).

This right was recognized again in the case of *Mason v. Wykle*, 1996 WL 87455 (Tenn. Ct. App. Feb. 29, 1996), wherein the Greene County Circuit Court had dismissed the defendants' appeal in a detainer action due to the fact that they filed a pauper's oath in lieu of the statutory bond. We stated that the defendants could proceed on a pauper's oath, so long as they surrendered possession of the premises, as had been allowed in *Newport, supra*. *Id.* In discussing the statutory bond found at Tenn. Code Ann. §29-18-130(b)(2), however, the Court then took the holding of *Newport* a step further, by dicta stating:

Implicitly this statutory bond is not required when the tenant has surrendered

possession of the premises. Clearly the bond provision of T.C.A. § 29-18-130(b)(2) is intended to protect the landlord or plaintiff and to provide a source from which rents and damages which accrue during the pendency of the appeal and while the defendant is still in possession of the premises can be collected. It has no application where possession of the premises is immediately surrendered after judgment in the court from which an appeal is taken.

This Court then quoted and relied upon the holding in *Newport*, and defendants rely upon these authorities to support their position in this case.

With due respect to the *Mason* Court, it would appear that the above-quoted reasoning is flawed, for two reasons. First, *Newport* and *Johnson* simply hold that the availability of an appeal from an adverse decision in General Session will not be foreclosed where the defendant is indigent and cannot post the statutory bond. The cases require that in order to proceed in that manner, however, the defendant must relinquish the premises. These cases do not hold, as was argued in *Mason*, that where possession has been regained by the landlord, the bond is simply not required, regardless of the defendant's financial status. Rather, *Newport* simply ensures that indigent defendants will not be prejudiced in their ability to appeal, but has no application in a case such as this one where the defendants were not indigent, and did not attempt to proceed on a pauper's oath.

Moreover, to so hold would fly in the face of the clear and unambiguous statute, which requires that in "cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, . . . if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises." The statute does not say that it only applies when the defendant seeks to remain on the premises. As we have recognized in *Amberwood,* this statute is the result of "careful drafting by the legislature in response to a special and specific situation", i.e. that of a defendant tenant appealing from an adverse decision rendered in General Sessions court in a detainer action. That is precisely the situation before us in this case, and we conclude there is no reason that the statute should not be enforced as written.

Accordingly, the Trial Judge should have dismissed the appeal. *See, e.g.*, *Inmon v. Hadley*, 2006 WL 2507188 (Tenn. Ct. App. Aug. 31, 2006). (The Court will look with favor upon the Trial Court dismissing the defendants' appeal from General Sessions detainer actions where the full amount of one year's rent was not posted as bond, and possession of premises had been regained by the landlord.)

Defendants' arguments ignored the statutory bond requirements, as based upon their allegations that they relinquished possession of the premises, which is in contravention of the plain language of the statute. The statute does not say that it only applies when possession is retained by the defendants. Rather, the statute says that when the landlord brings an action to recover possession

based on the tenant's failure to pay rent, and judgment is entered against the tenant, and the tenant appeals, a bond equal to one year's rent is required. To allow defendants to circumvent the requirement of the statute by claiming that they had relinquished possession would create a burden on the courts who hear these appeals to hold evidentiary hearings prior to allowing the appeal to proceed to determine whether possession had been relinquished.

As the Supreme Court has stated:

> The construction of a statute is a question of law which appellate courts review *de novo*, with no presumption of correctness. The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being aides to that end. We must initially look to the language of the statute itself in determining the intent of the legislature. Courts are restricted to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent. A statute is ambiguous if it is capable of conveying more than one meaning. We must consider the language employed in context of the entire statute without any forced or subtle construction which would extend or limit its meaning. Furthermore, we are to assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose. Where words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, and we need only enforce the statute as written.

*Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998)(citations omitted). In our view this statute is clear and plain, and must be enforced as written. The Trial Court should have dismissed the defendants' appeal for failure to post the appropriate bond.

The other issues presented by plaintiff are moot. We reverse the Judgment of the Trial Court and remand with directions that the General Sessions Court Judgment be reinstated as the final judgment in this case. The cost of the appeal is assessed to defendants.

_____
HERSCHEL PICKENS FRANKS, P.J.

-7-