# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 23, 2015 Session

## DONNA NANCE McLUCAS v. SHAWN MICHAEL NANCE

**Direct Appeal from the Circuit Court for Macon County**
**No. 2015-CV-3      Clara W. Byrd, Judge**

---

**No. M2015-00642-COA-R3-CV – Filed October 12, 2015**

---

This appeal arises from a detainer action originally filed by a landlord against a tenant in general sessions court. The general sessions court entered judgment by default against the tenant for $25,000. The tenant filed a notice of appeal to circuit court, along with a pauper's oath and affidavit of indigency. The circuit court found that the tenant failed to properly perfect the appeal and dismissed the appeal. The tenant appeals. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and KENNY ARMSTRONG, J., joined.

Shawn Michael Nance, Westmoreland, Tennessee, *Pro se.*

Bruce N. Oldham, Gallatin, Tennessee, for the appellee, Donna Nance McLucas.

### OPINION

#### I. FACTS & PROCEDURAL HISTORY

On November 6, 2014, Donna Nance McLucas ("Landlord") filed this detainer action against Shawn Michael Nance ("Tenant") in the general sessions court of Macon County. The detainer summons alleged that Tenant was in breach of an oral month-to-month lease after receiving written notice to vacate the premises on or about August 6, 2014. Landlord sought to recover "unpaid rents in an amount to be proven at trial; damages to said property; insurance proceeds in the amount of $5,918.67 paid to [Tenant] for a fire in the kitchen, but not applied towards said damages; immediate possession of said house; attorney's fees and costs." The general sessions court entered judgment by

default against Tenant on December 16, 2014, for $25,000 and possession of the property.

Tenant filed a notice of appeal to circuit court, along with a pauper's oath in lieu of an appeal bond and a uniform affidavit of indigency. The circuit court held a hearing on February 23, 2015. The record before us does not contain a transcript or a statement of the evidence from this hearing, but the trial court's order states that it heard "extensive testimony" at the hearing. According to the order, Tenant initially testified that he had surrendered possession of the property, but he subsequently gave "contradictory testimony that indicated he still had personal belongings inside the residence." The circuit court concluded that Tenant had not posted a sufficient "bond for proceeding with an appeal of this type," and as a result, he failed to perfect his appeal from general sessions court on a timely basis. The circuit court dismissed Tenant's appeal and held that the judgment of the general sessions court would remain in full force and effect because an appeal was not properly perfected. Tenant filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

Tenant presents the following issues, as we perceive them, for review on appeal:

1.      Whether the circuit court erred in concluding that Tenant was not an indigent person and not eligible to proceed on a pauper's oath.

2.      Whether the circuit court erred in ruling that Tenant's appeal was not properly perfected and secured.

3.      Whether the general sessions court erred in awarding attorney's fees to Landlord;

4.      Whether the trial court erred by failing to set aside the default judgment in light of Tenant's mistake, inadvertence, and/or excusable neglect.

For the following reasons, we reverse the decision of the circuit court and remand for further proceedings.

## III. DISCUSSION

### A.  Indigent Status

Tenant's first argument is that the circuit court erred in concluding that he was not indigent and was therefore ineligible to proceed on a pauper's oath. However, this issue

appears to be based on a misunderstanding of the trial court's ruling. The record contains the uniform civil affidavit of indigency submitted by Tenant. On January 6, 2015, the trial judge signed the pre-printed section of the affidavit entitled "Determination of Nonindigency" and included a notation stating that Tenant did not qualify as an indigent person because his income exceeded the indigent standards. As this Court has previously explained, "'[a] signature under the heading 'DETERMINATION OF NONINDIGENCY' allows the judge to signify that the plaintiff is not an indigent person, and thus does not qualify to file the case on a pauper's oath." *Sturgis v. Thompson*, 415 S.W.3d 843, 847 (Tenn. Ct. App. 2011) (quoting *Sweatt v. Tenn. Dep't of Corr.*, 99 S.W.3d 112, 114 (Tenn. Ct. App. 2002)). However, on Tenant's affidavit of indigency, this entire section is crossed out with three large Xs, and the word "Void" appears beside the trial judge's signature. The trial judge added and initialed an explanation that states, "He has 5 in household." On the same date, the trial judge also signed the section of the affidavit entitled, "Order Allowing Filing on Pauper's Oath," which states, "It appears based upon the Affidavit of Indigency filed in this cause and after due inquiry made that the Plaintiff is an indigent person and is qualified to file case upon a pauper's oath. It is so ordered this the 6[th] day of Jan. 2015." Thereafter, the court clerk sent a notice to the parties informing them that the trial judge had signed the affidavit of indigency and set the case for hearing. Besides the section that was stricken, the record contains nothing to support Tenant's argument on appeal that "his Affidavit for Indigency was denied." We find no reversible error with regard to this issue.

## B. Perfecting an Appeal

Next, Tenant challenges the circuit court's conclusion that he failed to properly perfect his appeal from general sessions court. Tennessee Code Annotated section 29-18-130(a)(1) provides that when judgment is rendered in favor of the plaintiff in a detainer action brought in general sessions court and a writ of possession is awarded, "the same shall be executed and the plaintiff restored to the possession immediately." Parties in an unlawful detainer action who appeal a ruling of the general sessions court to the circuit court "must satisfy the bond required for appeal." *Johnson v. Hopkins*, 432 S.W.3d 840, 845 (Tenn. 2013). The original bond requirement "came to be regarded as insufficient to protect the interests of landlords, in light of the fact that tenants often remained in possession of the premises during the pendency of an appeal without paying rent." *Id.* Accordingly, under the current statute, if an action is "brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant," then if the defendant-tenant seeks an appeal:

> . . . the [tenant] shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide

two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The [landlord] shall not be required to post a bond to obtain possession in the event the [tenant] appeals without complying with this section.

Tenn. Code Ann. § 29-18-130(b)(2). Recently, the Tennessee Supreme Court explained that this bond requirement "is not jurisdictional and applies only to those tenants in an unlawful detainer action who wish to stay the writ of possession after a general sessions court's judgment in favor of the landlord and retain possession of the property during the appeal." *Johnson*, 432 S.W.3d at 848. Notably, the court described this type of appeal bond as a "non-jurisdictional appeal bond required only of a tenant who has retained possession of the premises and wishes to stay execution of a landlord's writ of possession pending appeal." *Id.* at 850. As noted, the statute provides that the landlord is not required to post a bond to obtain possession "in the event the [tenant] appeals without complying with this section," i.e., without posting the bond. Tenn. Code Ann. § 29-18-130(b)(2). This portion of the statute "contemplates that a tenant may appeal without posting bond," which "indicates that the bond is not jurisdictional but rather is non-jurisdictional and designed to stay the landlord's writ of possession." *Johnson*, 432 S.W.3d at 849. "[I]f the tenant in possession fails to post a bond of one year's rent when appealing a judgment for the landlord," the statute "allows the landlord to regain possession immediately."[1] *Id.*

The *Johnson* court compared section 29-18-130(b)(2) with Tennessee Rule of Civil Procedure 62.05, which generally relates to the same subject -- bonds required to secure a stay pending appeal. The court explained that 29-18-130(b)(2) "merely supplements the general language of [Rule 62.05] by specifying the precise amount of

---

[1] In *Newport Housing Authority v. Ballard*, 839 S.W.2d 86, 89-90 (Tenn. 1992), the Tennessee Supreme Court considered an appellant's argument that the bond required in a detainer action "can be so costly as to deny equal protection to poorer litigants by effectively foreclosing" them from pursuing an appeal. The court concluded that the appeal bond requirements "do not impose any unreasonable or irrational burdens upon parties seeking to appeal an adverse decision from the general sessions court." *Id.* at 90. The court explained that even litigants without financial resources can pursue an appeal if they are "'willing to surrender possession pending the litigation in the higher courts, [as] there is a remedy by appeal which may be obtained on the pauper oath.'" *Id.* (quoting *Ammons v. Coker*, 124 Tenn. 676, 681, 139 S.W. 732, 733 (1911)). In other words, "[i]mpoverished tenants may appeal the result in an unlawful detainer action on a pauper's oath. What they may not do is to retain possession of the premises during the appellate process without posting bond." *Johnson v. Hayden*, No. 03A01-9212-CV-00456, 1993 WL 155681, at *1 (Tenn. Ct. App. May 13, 1993).

rent (one year's rent) that is sufficient for the bond when a tenant in an unlawful detainer action wishes to retain possession of property pending an appeal." *Johnson,* 432 S.W.3d at 850.

The *Johnson* court also distinguished the non-jurisdictional appeal bond set forth in section 29-18-130(b)(2) from "the jurisdictional cost bond" prescribed by Tennessee Code Annotated section 27-5-103(a), "which is always required of a party seeking to appeal from general sessions to circuit court." *Id.* at 849. The court explained that the cost bond requirement of section 27-5-103 "is not merely a formality but rather a necessity; without it, the appeal cannot be perfected." *Id.* at 850 (citing *Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at *3 (Tenn. Ct. App. Feb. 15, 2013) (*no perm. app. filed*); *Carter v. Batts*, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011)).

In the case before us, the circuit court erroneously held that Tenant did not properly perfect his appeal when he failed to post a "non-jurisdictional bond . . . for staying the writ of possession" under section 29-18-130(b)(2). *Johnson*, 432 S.W.3d at 850. Tenant filed his notice of appeal to circuit court, along with a pauper's oath in lieu of an appeal bond and a uniform affidavit of indigency, which was approved by the trial court. Tenant's failure to file a bond in the amount of one year's rent did not prevent him from perfecting his appeal to circuit court. *See Valley View Mobile Home Parks, LLC v. Layman Lessons, Inc*., No. M2007-01291-COA-R3-CV, 2008 WL 2219253, at *3 (Tenn. Ct. App. May 27, 2008) (concluding that a trial court erred in construing section 29-18-130(b)(2) as requiring a tenant to post a bond "as a condition of prosecuting the appeal" because the statute "does not govern the right to appeal or establish the conditions of such appeal"). Tenant's failure to post the bond of one year's rent "allows the landlord to regain possession immediately," *Johnson*, 432 S.W.3d at 849, but it did not deprive the circuit court of subject matter jurisdiction over the appeal.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby reversed and remanded for further proceedings. All other issues are pretermitted. Costs of this appeal are taxed equally to the appellee, Donna Nance McLucas, and to the appellant, Shawn Michael Nance, for which execution may issue for costs, if necessary.

_____
BRANDON O. GIBSON, JUDGE