V. S. Lewis,

*v.*

Eston Simmons.

(*Nashville,* December Term, 1955)·

Opinion filed April 5, 1956.

Cummings & Melton, Woodbury, for plaintiff in error.

Marshall E. Duggin, Woodbury, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit on a promissory note in the sum of $403.94, and the Justice of Peace gave Simmons a judgment for this amount against the defendant, Lewis. This judgment was rendered and entered on February 26, 1955. The defendant Lewis did not appeal to the Circuit Court within the two full days after the entry of the judgment, but waited until March 15, 1955, when he filed his petition for *certiorari* and *supersedeas,* and presented this petition to two justices of the peace in Cannon County. The defendant executed a pauper's oath in lieu of bond. These proceedings were without notice to the plaintiff.

On June 8, 1955, the plaintiff made a motion to dismiss the *certiorari* and *supersedeas* in the Circuit Court of

Cannon County, for the reason that the defendant's petition for *certiorari* and *supersedeas* was presented to two justices of peace based upon the pauper's oath without any notice to the plaintiff Simmons. The Circuit Judge sustained this motion, and dismissed the *certiorari* and *supersedeas*.

There are two statutes applicable to this case and we think should be considered and construed together. The first statute, Section 27-805, Vol. 5, Tennessee Code Annotated, is as follows:

"Two (2) justices of the peace may, within twenty (20) days after judgment, grant a *certiorari* and *supersedeas* to remove the proceedings of a justice of the peace to the Circuit Court."

The second statute, Section 27-813, Vol. 5, Tennessee Code Annotated, is as follows:

"No *supersedeas* shall issue upon application in *forma pauperis*, without express order of the judge dispensing with security. Such order may be made by the judge only on notice to the adverse party of the application."

The purpose of making the pauper's oath available to poor persons is to assure that no person because of his economic plight would be denied his day in court. However, the adverse party is entitled to his day in court on this issue. Consequently the Legislature has seen fit to require that notice be given the adverse party when a litigant makes application for a *supersedeas* based on the pauper's oath before a judge.

We think a reasonable construction of the first statute is that the petitioner should have notice of the application for *certiorari* on the pauper's oath.

The question of petitioner's poverty is an issue of fact

and should only be decided and determined on the merits. The only way that this can be successfully determined by the two justices of the peace or the judge is to give notice to the adverse party so that he might present proof contesting petitioner's poverty if he so desires.

In Caruthers, History of a Lawsuit, (6th Ed.) Section 478, pages 430, 431, it is said:

"A *supersedeas* may also be issued on the pauper oath, but not unless the judge so especially directs in his fiat. And he cannot make such order unless notice is first given to the adverse party of the application, so that he may appear and resist it."

Again in the same authority, Section 478, page 431, it is said:

"The reason why a *supersedeas* is not issued of course on the pauper oath is that it would release property that might have been levied on from the custody of the officer, and restore it to the defendant without any security for its forthcoming, if he should fail in his *certiorari.* * * * Unless a strong case of merits and a manifest case of poverty is made out, the plaintiff ought not to be exposed to this danger of losing his debt, and hence he ought to have notice to be present to contest these points before the order is made."

In the case of *Combs v. Vogeli,* 66 Tenn. 271, it is said at pages 272 and 273:

"The manifest object of the statute is, that when the application is made in *forma pauperis* the opposite party may have an opportunity to be present and contest the application, by showing that it ought not to be granted except upon bond and security, as in other cases."

See also Tennessee Procedure in Law Cases by Higgins and Crownover, paragraph 1680, page 668.

We are of the opinion that there was no error in the judgment of the Circuit Court and it is affirmed.