IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 26, 2005

## MICHAEL SETTLE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Davidson County**
**No. 04C-3661     Barbara Haynes, Judge**

─────────────────

**No. M2004-00411-CCA-R3-HC - Filed November 7, 2005**

─────────────────

Aggrieved of the Davidson County Criminal Court's summary dismissal of his petition for *habeas corpus* relief, the petitioner, Mike Settle, appeals. The *habeas corpus* court dismissed the petition because the petitioner did not pay the court costs due upon filing the petition. The state has filed a response, conceding that the trial court erred in dismissing the petition for failure to pay a filing fee. However, we disagree and affirm the order of dismissal.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Michael Settle, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; and Seth P. Kestner, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION

The petition for *habeas corpus* relief, filed December 16, 2004, states that the petitioner was convicted of especially aggravated kidnapping, escape, aggravated robbery, and two counts of aggravated assault on January 12, 2001, in the Madison County Circuit Court. Apparently, the petitioner received a sentence of 25 years in the Department of Correction. The petition recites that because the convictions resulted from guilty pleas, no direct appeal was taken. The petitioner alleged as grounds for relief that his sentencing judgments are illegal and void because of a provision for concurrent sentencing, that the guilty pleas were involuntary, and that in connection with the guilty pleas, he received ineffective assistance of counsel. The sworn petition requests that the petitioner be allowed to proceed as a pauper, and a copy of the petitioner's inmate trust fund account statement, showing a balance on January 20, 2004 of $.20, was appended to the petition; however, the petitioner did not allege that, due to his poverty, he was unable to afford the costs of the proceeding.

On January 12, 2005, the Davidson County Criminal Court entered an order declaring the petitioner's failure to pay a filing fee of $42.50 and providing a period of 20 days for the petitioner to cure the fee deficiency. The order recited that, as a default, the petition would be dismissed. On February 3, 2005, the court entered an order finding that the petitioner had failed to comply with the requirement of the January 12, 2005 order and dismissing the petition.

On February 14, 2005, the petitioner filed his notice of appeal. As a result, the case appeal was docketed in this court. After the petitioner filed his *pro se* brief, the state filed a response in which it conceded error on the part of the circuit court in dismissing the petition on the grounds of non-payment of a filing fee. The state requested that the dismissal order be vacated and that the cause be remanded to the circuit court for further *habeas corpus* review and proceedings.

In making its request, the state relied upon *Jason Eugene Mize v. State*, No. M2003-00986-CCA-R3-CD (Tenn. Crim. App., Nashville, Dec. 18, 2003). In *Jason Eugene Mize,* this court acknowledged the Tennessee constitutional right to seek redress via the writ of *habeas corpus*. *Id.*, slip op. at 2; *see* Tenn. Const. art. I, § 15. The court also acknowledged the provisions of Tennessee Code Annotated section 41-21-807(b), relative to lawsuits by inmates:

> (b)(1) If an inmate brings a civil action or files an appeal in forma pauperis, the inmate shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent (20%) of the greater of the average monthly:
>
> > (A) Deposits to the inmate's account; or
> >
> > (B) Balance in the inmate's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.
> > . . . .
>
> (4) In no event shall an inmate be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the inmate has no assets and no means by which to pay the initial partial filing fee.

*Jason Eugene Mize*, slip op. at 3 (quoting Tenn. Code Ann. § 41-21-807(b) (2003)). This court noted that petitioner Mize's trust fund account was zero and had been zero for the six months preceding his filing a petition for a writ of *habeas corpus*. *Id.* "Accordingly," the court held, "[Mize] did not have sufficient funds to make the partial payment required by [section] 41-21-807(b)(1)," and the court vacated the dismissal of the petition, commenting that the *habeas corpus*

petitioner "may not be prevented from proceeding with his petition for *habeas corpus* relief because he is unable to pay the initial partial filing fee." *Id.*

Despite the state's invitation to vacate the dismissal order in the present case, we affirm the action of the *habeas corpus* court. Tennessee law mandates that "[n]o leading process shall issue from any court without security being given by the party at whose instance the action is brought, for the successful prosecution of the party's action." Tenn. Code Ann. § 20-12-120 (Supp. 2004). However, "[a]ny civil action may be commenced by a resident of this state without giving security as required by law for costs and without the payment of litigation taxes due by . . . [f]iling the . . . oath of poverty . . . and . . . [f]iling an accompanying affidavit of indigency as prescribed by court rule." *Id.* § 20-12-127(a).

The pauper's oath prescribed by section 20-12-127(a)(1) is: "I, _____, do solemnly swear under penalties of perjury, that owing to my poverty, I am not able to bear the expense of the action which I am about to commence, and that I am justly entitled to the relief sought, to the best of my belief." *Id.* § 20-12-127(a)(1). "The purpose of making the pauper's oath available to poor persons is to assure that no person because of his economic plight would be denied his day in court." *Lewis v. Simmons*, 200 Tenn. 60, 62, 289 S.W.2d 702, 703 (1956). However, "The filing of a civil action without paying the costs or taxes or giving security for the costs or taxes does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court." Tenn. Code Ann. § 20-12-127(b) (Supp. 2004).

In the present case, the petitioner included no pauper's oath or affidavit of indigency with his petition. Thus, he was not excused from the paying of a filing fee through the protective auspices of Code section 20-12-127.

Furthermore, the specific provisions for the initial excusal of cost payments for indigent inmate plaintiffs set forth in Code section 41-21-807(b)(4) do not avail the petitioner any relief. The part of the Code containing section 41-21-807 applies "only to a claim brought by an inmate . . . in which *an affidavit of inability to pay costs is filed* with the claim by the inmate." Tenn. Code Ann. § 41-21-802 (2003) (emphasis added).

The attachment to the petition of an inmate trust fund account statement showing a zero or nominal balance of funds is not sufficient, in and of itself, to excuse a petitioning party from paying proper filing fees. Though incarcerated, the inmate may have succeeded to funds through gift, bequest, or otherwise that would not be reflected in the inmate trust fund. *See id.* § 41-21-801(5) (2003) ("'Trust account' means an inmate's trust account administered by the department [of correction] or by a county jail."). For this reason, Code section 41-21-802 requires inmates filing lawsuits to also file a pauper's oath akin to that required by Code section 20-12-127 for lawsuits in general. The petitioner failed to comply with this requirement, and in our view, the circuit court acted within its power to dismiss the petition, upon notice, for failure to pay the prescribed filing fee.

Accordingly, the order of the criminal court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE