**Alan W. JONES, Appellant,**

v.

**OHIO CASUALTY INSURANCE COMPANY, Respondent.**

**No. 64224.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1994.

---

4. A note following Rule 29.12 suggests, "Compare: Prior Rule 26.04 and prior Rule 26.05."

spondent, Ohio Casualty Insurance Company, in an automobile fire case. On appeal, appellant contends that the trial court erred in finding no genuine issue of material fact with respect to his claim for relief. We affirm.

"When considering appeals from summary judgment, the Court will review the record in the light most favorable to the party against whom the judgment was entered." *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). However, summary judgment shall be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law. Rule 74.04(c). Furthermore, facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *ITT Commercial Finance v. Mid–America Marine*, at 376. The affidavits and accompanying materials filed by respondent in support of its motion for summary judgment, not denied by appellant, stand admitted. *Zafft v. Eli Lilly*, 676 S.W.2d 241, 244 (Mo. banc 1984).

Once the moving party has met the requirements of Rule 74.04(c), the burden of production of evidence shifts to the non-moving party, "When, and only when, the movant has made the prima facie showing required by Rule 74.04(c), Rule 74.04(e) places burdens on the non-movant." *ITT Commercial Finance v. Mid–America Marine*, at 381. After the burden shifts, the non-moving party must show by affidavits, depositions, answers to interrogatories, or admissions, that there is a genuine dispute as to the facts underlying the movant's right to judgment, otherwise, summary judgment against the non-movant is proper. Rule 74.04(e). The non-moving party's filing of affidavits helps to illustrate that one or more of the material facts shown by the movant to be above any genuine dispute is in fact genuinely disputed. In other words, "The non-movant *must* supplement the record." *ITT Commercial Finance v. Mid–America Marine*, at 387.

Alan W. Jones, pro se.

John P. Zimmerman, St. Louis, for respondent.

SIMON, Presiding Judge.

Alan Jones, appellant, acting pro se, appeals a summary judgment in favor of re-

The facts of the case are as follows. On May 29, 1986, appellant's 1972 Chevy Van was damaged by fire. Respondent appraised the damaged vehicle and made a final "take it or get nothing" offer of $700 to appellant and conditioned payment upon appellant's signing a "Proof of Loss" document. The "Proof of Loss" document contained the following language, "Received of the above designated company the sum of seven hundred dollars in full satisfaction of all loss under policy." Appellant signed the document and cashed the check on June 16, 1986.

Several years later, appellant's same vehicle was involved in another accident and a different insurance company, Farm Bureau Insurance, accepted total liability and paid appellant approximately $1,550.00 for the damaged vehicle. Appellant then sought restitution from respondent due to insufficient payment and bad faith handling of the claim of damage by fire.

Appellant contends that the "Proof of Loss" document was ambiguous and amounted to constructive fraud due to the insurance policy provision requiring the filing of the "Proof of Loss" document before instituting any action against Ohio Casualty. Respondent's Motion for Summary Judgment alleged accord and satisfaction and that there was no genuine dispute as to any material fact.

Appellant, acting pro se, filed a small claims action in the Associate Division of the Circuit Court on June 17, 1991, and the court found for respondent. Application for Trial De Novo was filed by appellant and the court sustained respondent's Motion for Summary Judgment on May 19, 1993.

In support of its Motion for Summary Judgment, respondent filed affidavits which consisted of the "Proof of Loss" document signed by appellant, and a copy of the check made out to, and endorsed by, appellant. The trial court determined that the Motion, in combination with the supporting affidavits, fulfilled the requirements of Rule 74.04(c) and that respondent was entitled to judgment as a matter of law.

■ Once respondent met the requirements of Rule 74.04(c), then appellant must show a genuine dispute as to a material fact by supplementing the record with materials which illustrate a contradictory, yet plausible, version of at least one of the essential facts. Rule 74.04(e). Here, however, appellant has failed to supplement the record with any affidavits, depositions, answers to interrogatories, or admissions, which show that there is a genuine dispute as to any material facts. By failing to do so, the facts set forth in respondent's affidavits in support of its Motion for Summary Judgment are taken as true.

■ Respondent's supporting affidavits clearly show that appellant signed the "Proof of Loss" document and cashed the $700 check. By signing the document, appellant acknowledged that he "Received of the above designated company [Ohio Casualty] the sum of seven hundred dollars in full satisfaction of all loss under policy." The language of the "Proof of Loss" document is clear and unambiguous. Appellant's signature, in combination with his acceptance and cashing of the $700 check was done in settlement of his claim against respondent.

■ Appellant is acting pro se, and although he has a right to do so, he "is bound by the same rules of procedure as attorneys and is entitled to no indulgence that would not have been given if the appellant were represented by counsel." *Brown v. City of St. Louis*, 842 S.W.2d 163, 165 (Mo.App.E.D. 1992).

Appellant's failure to comply with the requirements of Rule 74.04(e) permits respondent's version of the facts to be taken as true. Therefore, respondent's Motion for Summary Judgment, in combination with supporting affidavits, not denied by appellant, defeats appellant's claim for relief by establishing an affirmative defense and entitles respondent to judgment as a matter of law.

The trial court did not err in granting respondent's Motion for Summary Judgment.

Judgment affirmed.

PUDLOWSKI and KAROHL, JJ., concur.