Ron THOMAS and Larry Thomas,
Plaintiffs–Appellants,

v.

Carl SMITHSON, Defendant–Respondent.

No. 19189.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 15, 1994.

Robert L. Gross, Little Rock, Ark., for appellants.

Dwight Douglas, Douglas, Douglas, Johnson & Wood, Neosho, for respondent.

PARRISH, Judge.

Ron Thomas and Larry Thomas (plaintiffs) appeal a summary judgment entered in favor of Carl Smithson (defendant). The judgment is affirmed.

Plaintiffs purchased business assets of Container Storage Co., a sole proprietorship, from defendant. Plaintiffs' third amended petition alleged that defendant made negligent misrepresentations regarding the company's business operations. Plaintiffs contended they sustained damages because they relied on the alleged misrepresentations.

Defendant filed a motion for summary judgment. The trial court granted the motion.

Plaintiffs' points on appeal state:

## I.

[Plaintiffs] submit that [defendant's] motion for summary judgment that was granted by the trial court failed to meet the burden imposed by Rule 74.04(c), in that said motion did not establish [defendant's] right to summary judgment as a matter of law. [Plaintiffs] cite the Court to the following sources to support this contention: Missouri Rules of Civil Procedure Rule 74.04; *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371 (Mo. banc 1993).

## II.

[Plaintiffs] submit that the pleadings that were submitted to the trial court demonstrate that the [defendant's] actions comprised the elements required to support a cause of action for negligent misrepresentation on the part of [defendant], that there are genuine issues of material fact that can only be resolved by a trial, and that accordingly, the trial court erred when it granted [defendant's] motion for summary judgment. [Plaintiffs] cite the Court to Restatement (Second) of Torts sec. 552 (1977), and to the following cases to support this contention: *Chubb Group of Ins. Cos. v. C.F. Murphy & Assoc., Inc.*, 656 S.W.2d 766 (Mo.App.W.D.1983); *Springdale Gardens, Inc. v. Countryland Development, Inc.*, 638 S.W.2d 813 (Mo. App.1982); *Ligon Specialized Hauler, Inc. v. Inland Container Corp.*, 581 S.W.2d 906 (Mo.App.1979); *Aluma Kraft Manufacturing v. Elmer Fox & Co.*, 493 S.W.2d 378 (Mo.App.1973); *Jacobs Mfg. Co. v. Sam Brown Co.*, 792 F.Supp. 1520 (W.D.Mo. 1992); and *Cooper v. Schlesinger*, 111 U.S. 148 [4 S.Ct. 360, 28 L.Ed. 382].

Rule 84.04(d) states:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. . . .

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

■ A point relied on must meet three requirements; (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; (3) it must state what was before the trial court that supports the ruling appellant contends should have been made. *See Carrier v. City of Springfield*, 852 S.W.2d 196, 198 (Mo.App.1993).

■ Point I does not distinctly identify the trial court action about which plaintiffs complain. However, this court can discern that the act plaintiffs claim was erroneous was the granting of the summary judgment motion. Point I satisfies the first requirement.

■ Point I identifies the claimed deficiency of the trial court's ruling to be a failure to meet requirements of Rule 74.04(c). Arguably, the point states "why" the trial court's ruling is claimed to be erroneous. However, the point does not state "wherein" the trial court's ruling was deficient. Point I does not identify the manner in which the motion for summary judgment failed to comply with Rule 74.04(c). It does not meet the third requirement of a point relied on.

■ Point II meets the first requirement in that it contends the trial court erred "when it granted [defendant's] motion for summary judgment." It contends that the pleadings adequately set forth elements of the tort of negligent misrepresentation, thereby stating "why" plaintiffs contend the ruling is erroneous. However, the point does not state what was pleaded that sufficed as elements of the tort of negligent misrepresentation nor what was pleaded that constituted "genuine issues of material fact." It does not state "wherein" the ruling was erroneous. It does not meet the third requirement of a point relied on.

■ Points relied on that do not comply with requirements of Rule 84.04(d) preserve nothing for review. *Hubbs v. Hubbs*, 870

S.W.2d 901, 908 (Mo.App.1994); *Farm Credit Bank of St. Louis v. Jensen,* 844 S.W.2d 132, 133 (Mo.App.1993); *In Interest of J.L.C.,* 844 S.W.2d 123, 126 (Mo.App.1992). Judgment affirmed.

GARRISON, P.J., and CROW, J., concur.