**John GOODSON and Margie Goodson,
Plaintiffs/Appellants,**

v.

**Rustico SIMPELO, M.D., Jean Hines, Norma McCally, Shirley Vernon and Jeannette Hatfield, Defendants/Respondents.**

No. 68289.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 19, 1996.

Kopsky & Associates, P.C., Paul W. Kopsky, Edward J. Miller, Jr., Donald D. Heck, Chesterfield, for appellant.

Brown & James, P.C., James E. Whaley, Robert W. Cockerham, Winthrop B. Reed, III, St. Louis, for respondent.

PUDLOWSKI, Judge.

This is an appeal from summary judgment entered in favor of nurses, Norma McCally and Jean Hines (respondents). John and Margie Goodson (appellants) argue the trial court erred in granting summary judgment in their medical malpractice suit. We reverse.

The facts are as follows. In August 1994, appellants filed their second amended petition for medical malpractice against the treating physician and respondents for damages arising out of the birth of their child, Emma Goodson. Appellants allege respondents had a duty to adequately monitor the fetal heart rate of the baby and a duty to take proper action to deliver the baby if signs of distress appeared. Appellants specifically charged respondents with negligence in failing to adequately monitor the fetal heart tones.

The cause had been filed in another venue and appellants took a voluntary dismissal. Before the dismissal, appellants identified experts and respondents took depositions of at least two of them. Appellants notified respondents that the experts named in the dismissed suit would testify and also indicated they may rely on the previous depositions. Neither appellants nor respondents filed the depositions with the court in the present case. Consequently, they were not part of the record.

On February 14, 1995, respondents moved for summary judgment. Their motion did not cite to the record and they did not submit affidavits or other evidence in support as required. *ITT Commercial Finance v. Mid-America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Respondents' motion alleged appellants could not make a prima facie case of medical malpractice because they did not have an expert to testify to the standard of care or causation as required to prevail on their claim. A hearing on the motion was set for March 15, 1995.

Appellants failed to respond to the motion and at the hearing claimed they did not receive the motion until March 4, 1995. Respondents disputed this point and argued appellants' failure to respond to the motion entitled them to judgment. The trial court allowed appellants to read from Dr. Giles' previous deposition. Appellants alleged the testimony established the standard of care and causation. Appellants claimed the deposition was part of the court record but as previously stated, it was not submitted to the court in this case. Appellants also requested leave to file a written response to the motion which the court denied.

On March 16, appellants filed a written motion to supplement the record realizing the doctor's deposition was not part of the record. On March 18, appellants faxed a response to the motion for summary judgment. On March 20, the trial court ruled on the motions. The court denied appellants' motion to supplement the record and motion for leave to respond to the motion for summary judgment. The court granted respondents' motion for summary judgment because appellants failed to respond within

thirty days as required by Supreme Court Rule 74.04(c)(2).

Appellants filed a motion for reconsideration in which they raised, for the first time, respondents' non-compliance with Rule 74.04(c). The motion was denied. This appeal followed.

As a threshold matter, respondent argues all three of the points appellants relied on do not comply with Rule 84.04(d) and, therefore, this court should refuse to review appellants' arguments. Because our opinion addresses point one and disposes of the appeal, we do not address appellants' points two and three for their alleged deficiencies.

■■■ As for point one, we find it meets the requirements of the rule. In order to preserve an argument for review, the point relied on must state the trial court's action or ruling which is in dispute, why it was erroneous and what was before the trial court that supports appellants' argument. *Thomas v. Smithson*, 886 S.W.2d 951, 952 (Mo.App.S.D. 1994). In *Thomas*, appellant's point relied on argued the trial court erred in granting summary judgment because a genuine issue of material fact existed but appellant did not indicate what evidence was before the trial court to support his argument. The court held a point relied on that did not identify the evidence that was before the trial court supporting appellant's argument preserved nothing for review. *Id.* In this case, the argument in appellants' point is procedural and, therefore, does not depend on evidence in the record but rather on the motion itself and its deficiencies. This is not a situation where an appellant is relying on the record and failed to identify the evidence that proves error. Appellants' point identifies the motion and the rule which sufficiently supports their argument. Respondents' argument is denied.

■■■ The thrust of the appeal is that the trial court erred in granting the motion for summary judgment. When considering appeals from summary judgment, the court will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance* at 376. Summary judgment shall be entered if the

pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the non-moving party is entitled to judgment as a matter of law. *Id.*

Rule 74.04 requires a defending party seeking summary judgment to assert a right to judgment as a matter of law. *Id.* This can be accomplished in one of three ways. *Id.* First, a moving defendant can offer facts that negate an element necessary to the claimant's case. *Id.* The defending movant may also allege that the non-movant, after an adequate period of discovery, has not been able to produce and **will not be able to produce,** evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements. *Id.* Finally, the defending movant can show there is no genuine issue as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense. *Id.* Whichever method is used, the movant must establish a right to judgment as a matter of law. *Id.* When, and only when, the movant has made the prima facie case required by Rule 74.04 does the rule place a burden on the non-movant to introduce specific facts showing there is a genuine issue for trial. *Id.*

■■■ Appellants argue the motion did not comply with Rule 74.04(c) as amended in 1994. The new rule requires particularity and specific references to the facts in the pleadings, discovery or affidavits that demonstrate a lack of genuine issue. Respondents' motion did not meet the new requirements of Rule 74.04 but they argue appellants' failure to raise the issue at the hearing waived the argument, citing our holding in *Plank v. Union Electric*, 899 S.W.2d 129, 132 (Mo. App.E.D.1995). In *Plank*, we declined to reverse a summary judgment on strictly procedural grounds notwithstanding an earlier opinion of this court, *Snelling v. Bleckman*, 891 S.W.2d 572 (Mo.App.E.D.1995), which held summary judgment is inappropriate where a party fails to comply with the procedural requirements of Rule 74.04. In *Plank* we distinguished *Snelling* by holding that where the grounds for a summary judgment

motion are clear to the trial court, the non-movant and an appellate court, and the record clearly indicates there is no genuine issue of material fact, reversing a summary judgment would serve no useful purpose.[1] But the *Plank* decision does not save respondents' motion because in this case it is not at all clear from the record that there is no genuine issue of material fact. Respondents assert allegations in their motion but there is nothing in the record to support them. There are no affidavits, interrogatories, depositions or other evidence showing no genuine issue of fact.

 Respondents argue appellants' failure to respond resulted in an admission of every fact alleged in the motion. This is an incorrect statement of the law. Where a motion for summary judgment is supported by affidavit, and there is no response, the sworn statements are taken as true. *Jones v. Ohio Casualty*, 877 S.W.2d 118, 120 (Mo. App.E.D.1994),[2] *Peltzman v. Beachner*, 900 S.W.2d 677, 678 (Mo.App.W.D.1995). Respondents did not submit affidavits in support of their motion, therefore, *Jones* and *Peltzman* do not apply. The amendments to Rule 74.04 do not change the fundamental requirements of a motion for summary judgment as set out in *ITT*. A movant must make more than an argument; he must demonstrate through affidavits, or otherwise, that there is no genuine issue of fact and, therefore, he has a right to judgment as a matter of law. *ITT Commercial Finance* at 376.

Accordingly, we find the trial court erred in granting the motion for summary judgment on the ground appellants failed to respond. The motion's procedural deficiencies are not overcome by a record that does not clearly demonstrate a genuine issue of material fact exists. The judgment of the trial court is reversed and the case is remanded for further proceedings.

AHRENS, Presiding Judge, and SIMON, J., concur.

___

1. The seeming conflict between *Plank* and *Snelling* was addressed in *Mathes By and Through Mathes v. Nolan*, 904 S.W.2d 353, 355 (Mo.App. E.D.1995), where the court explained that failure to comply with Rule 74.04 is grounds for reversing a summary judgment but it is within the discretion of the trial court and this court to look at the record in deciding a summary judgment motion despite a party's failure to comply with the rule.

2. In *Jones*, we held respondent's motion for summary judgment, *in combination with supporting affidavits*, and not denied by appellant, defeats appellant's claim for relief.