

# In the Missouri Court of Appeals
# Eastern District

## SOUTHERN DIVISION

| | | |
|---|---|---|
| BIRI M. BLEVINS, JOHN T. BUSEY, AND CHARLES W. JONES, | ) ) ) | No. ED99852 |
| Appellants, | ) ) | |
| vs. | ) ) | Appeal from the Circuit Court of Cape Girardeau County |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY AND JANEY FOUST, | ) ) ) ) ) | Honorable Benjamin F. Lewis |
| Respondents. | ) | Filed: March 4, 2014 |

## ORDER

On the Court's own motion, the opinion filed in this case on January 28, 2014, is hereby withdrawn and a new opinion is to issue. Appellant's motion for rehearing, or in the alternative, application for transfer to the Missouri Supreme Court is denied as moot.

CC:  Dan Rau, Kristi Nicole Hoff
     Robert J. Wulff, Mary Anne Lindsey



# In the Missouri Court of Appeals
# Eastern District

| | | |
|---|---|---|
| BIRI M. BLEVINS, JOHN T. BUSEY, AND CHARLES W. JONES, | ) ) ) | No. ED99852 |
| Appellants, | ) ) | |
| vs. | ) ) | Appeal from the Circuit Court of Cape Girardeau County |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY AND JANEY FOUST, | ) ) ) ) | Honorable Benjamin F. Lewis |
| Respondents. | ) | Filed: March 4, 2014 |

Biri M. Blevins, Charles W. Jones, and John Busey (collectively "Plaintiffs")

appeal the judgment of the trial court dismissing their claims against Janey Foust for

negligent failure to procure insurance and negligent misrepresentation and granting

summary judgment in favor of American Family Mutual Insurance Co. ("American

Family") on their claim for equitable garnishment. We reverse and remand in part and

affirm in part.

## I. BACKGROUND

Busey Truck Equipment, Inc. ("Busey Truck") leased certain tools, equipment,

and other personal property from Plaintiffs. The items were kept on the premises of

Busey Truck. The premises, including Plaintiffs' personal property, were destroyed by

fire on July 27, 2006. Busey Truck had previously obtained insurance coverage for the premises from American Family. Following the fire, American Family denied coverage of Plaintiffs' personal property under the policy.[1]

Plaintiffs filed individual petitions against Busey Truck, alleging the negligent conduct of Busey Truck caused their damages. Each Plaintiff received a judgment in his favor and against Busey Truck for damages for the loss of their personal property. Plaintiffs filed the instant action, asserting a claim for equitable garnishment against American Family, and asserting claims for negligent failure to procure insurance and negligent misrepresentation against Janey Foust, an agent for American Family.[2] Foust filed a motion to dismiss Plaintiffs' claims against her for failure to state a claim, and the trial court granted Foust's motion to dismiss.[3] Thereafter, the trial court also granted summary judgment in favor of American Family on Plaintiffs' claim for equitable garnishment. Plaintiffs now appeal.

## II.    DISCUSSION

**A.    Claims Against Foust**

**1.    Standard of Review**

In points one and two on appeal, Plaintiffs assert error in the trial court's dismissal of their claims for negligent failure to procure insurance and negligent

---

[1] As a result of the denial of coverage, Busey Truck filed an action against American Family for breach of contract and vexatious refusal to pay. Busey Truck also filed a claim against Foust for negligent failure to procure insurance. Our Court reversed the trial court's dismissal of Busey Truck's claim against Foust; however, Busey Truck thereafter dismissed the action.

[2] Plaintiffs initially filed separate actions, which were ordered consolidated by the trial court.

[3] Plaintiffs prematurely appealed the trial court's dismissal, and our Court dismissed the appeals because the claims against American Family had not yet been resolved, and the trial court did not certify the dismissal as final for purposes of appeal.

misrepresentation[4] against Foust for failure to state a claim. Our review of the trial court's decision to grant a motion to dismiss is *de novo*. *Stein v. Novus Equities Co.*, 284 S.W.3d 597, 601 (Mo. App. E.D. 2009) (internal citation omitted). "A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the plaintiff's petition." *Id*. When reviewing the trial court's grant of a motion to dismiss for failure to state a claim, we accept all well-pled allegations as true and liberally grant all reasonable inferences therefrom. *Id*. We do not consider whether the factual allegations are credible or persuasive. *Id*. Instead, we review the allegations in the petition in an almost academic manner, only to determine whether the facts alleged meet the elements of the cause of action. *Id*. If the petition alleges any facts which, if proven, would entitle the plaintiff to relief, the petition sufficiently states a claim. *Id*. at 602. However, dismissal for failure to state a claim is proper if the facts essential to recovery are not pled. *Id*.

### 2. Negligent Failure to Procure Insurance

In their first point on appeal, Plaintiffs claim the trial court erred in dismissing their claims of negligent failure to procure insurance against Foust. Plaintiffs argue they alleged sufficient facts to establish all elements of their claims. We disagree.

A broker or agent who undertakes to procure insurance for another for compensation owes a duty of reasonable skill and diligence in obtaining the insurance requested, and the broker or agent may be sued in tort for negligent failure to procure that insurance. *Extended Stay, Inc. v. American Auto. Ins. Co.*, 375 S.W.3d 834, 841 (Mo. App. E.D. 2012) (internal citation omitted). To state a claim of negligent failure to

---

[4] Plaintiffs each assert two counts for each claim of negligence against Foust. The second count in each petition contains allegations concerning the forseeability of damage to Plaintiffs as a result of Foust's negligence.

4

procure insurance, a plaintiff must plead facts to show that: (1) the agent agreed to procure, for compensation, insurance; (2) the agent failed to procure the agreed upon insurance, and in doing so failed to exercise reasonable care and diligence; and (3) the plaintiff suffered damages as a result of the failure. *Id.*

In a negligence action, the plaintiff must prove, among other things, that the defendant had a duty to the plaintiff. *Hardcore Concrete, LLC v. Fortner Ins. Services, Inc.*, 220 S.W.3d 350, 355 (Mo. App. S.D. 2007) (citing *Hecker v, Missouri Prop. Ins. Placement Facility*, 891 S.W.2d 813, 816 (Mo. banc 1995)). The question of whether such a duty exists is one of law, and therefore, it is a question for the trial court. *Id.* A legal duty may arise under law, contract, or from the legislature. *Stein*, 284 S.W.3d at 605. Missouri courts have long held that if an agent undertakes to procure insurance for another for compensation, that agent owes a duty of care in obtaining the insurance. *Extended Stay, Inc.*, 375 S.W.3d at 841. However, a prerequisite to the imposition of such a duty is "some consensual undertaking by the agent, for at least the prospect of compensation, to act on behalf of the customer as his principal." *Farmers Ins. Co., Inc. v. McCarthy*, 871 S.W.2d 82, 85 (Mo. App. E.D. 1994) (internal citation omitted). Here, Plaintiffs allege in their petitions that Foust agreed to procure, for compensation, insurance to cover Busey Truck's property, including their personal property leased by Busey Truck. They do not allege that Foust agreed to purchase insurance for them, or that they provided compensation to her for the procurement of such insurance.

We note that generally, a defendant who has contracted with another generally owes no duty to a plaintiff who was not a party to the contract. *Hardcore Concrete, LLC*, 220 S.W.3d at 358. Plaintiffs argue even though they were not parties to the insurance

5

policy, Foust owed them a duty based upon the forseeability of harm to Plaintiffs for the failure to procure insurance coverage for Busey Truck for Plaintiffs' personal property. The Missouri Supreme Court has cautioned that the extension of liability in this regard should be done carefully, evaluating the particular circumstances of each case individually. *Id*. (quoting *Westerhold v. Carroll*, 419 S.W.2d 73, 78 (Mo. 1967)). The Supreme Court has also recognized that typically cases in which the liability of an agent can extend to a third party require separate tortious acts to be committed by the agent. *Id*. (quoting *State ex rel. William Ranni Assoc., Inc. v. Hartenbach*, 742 S.W.2d 134, 139 (Mo. banc 1987)). Here, there is no allegation of any separate tortious act by Foust resulting in injury to Plaintiffs. The allegations are solely based upon Foust's alleged failure to procure insurance coverage for Busey Truck for Plaintiffs' personal property on Busey Truck's premises. Under these particular circumstances, Plaintiffs cannot establish Foust owed them a duty to procure insurance coverage for their personal property.

As a result of the foregoing, Plaintiffs failed to allege any facts which, if proven, would demonstrate that Foust owed a duty of reasonable care to Plaintiffs. Thus, Plaintiffs failed to allege facts essential to their claim of negligent failure to procure insurance, and the trial court did not err in dismissing their claims against Foust. Point one on appeal is denied.

### 3. Negligent Misrepresentation

In their second point on appeal, Plaintiffs claim the trial court erred in dismissing

6

their claims for negligent misrepresentation against Foust. According to Plaintiffs, they alleged sufficient facts to establish each element of their claim. Plaintiffs' argument is without merit.

To state a claim for negligent misrepresentation, a plaintiff must plead facts to support each of the following elements: (1) the speaker provided information in the course of his or her business; (2) the information was false as a result of the speaker's failure to exercise reasonable care; (3) the speaker intentionally provided the information for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information, and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss. *Stein*, 284 S.W.3d at 602-03 (internal citation omitted).

Negligent misrepresentation requires a plaintiff to rely upon the alleged misrepresentation. *Id*. at 603. Although Plaintiffs allege they justifiably relied on the information from Foust, the test is whether the misrepresentation was a material factor influencing final action. *Id*. Here, the alleged misrepresentation occurred after the insurance policy had been obtained by Busey Truck, and after the fire which resulted in the loss of Plaintiff's personal property. Plaintiffs did not allege they failed to take any action to seek coverage for their personal property based upon Foust's alleged post-loss statements. Instead, in an attempt to recover damages for the loss of their property, Plaintiffs filed suit against Busey Truck and filed the present action. Plaintiffs do not allege any facts that, if proven, would establish Plaintiffs took or refrained from taking any action in reliance upon the alleged misrepresentations made by Foust. Thus, the facts alleged do not meet the elements for a cause of action for negligent misrepresentation.

7

*See Id*. (none of allegations in petition set forth facts which, if proven, would establish plaintiffs took or refrained from taking action in reliance upon alleged misrepresentations, and therefore, petition failed to state a claim).

Even assuming, arguendo, Plaintiffs alleged sufficient facts to establish they relied upon Foust's statements, Plaintiffs' petitions fail to state sufficient facts to meet the final element of negligent misrepresentation. Plaintiffs are required to set forth facts, which if proven, would establish they suffered pecuniary loss due to their reliance on Foust's alleged statements concerning coverage for their property. *Id*. However, Plaintiffs' petitions fail to do so. Plaintiffs allege that Foust's statements were made after the fire occurred on Busey Truck's premises destroying Plaintiffs' personal property. Plaintiffs' pecuniary loss was caused by the fire and the purported exclusion from coverage under Busey Truck's insurance policy for their property in place at the time of the loss, not by any statements made by Foust following the loss. Plaintiffs fail to allege any facts to establish they suffered pecuniary loss as a result of their alleged reliance upon Foust's statements. Thus, the facts alleged do not meet the elements of a cause of action for negligent misrepresentation.

As a result of the foregoing, the trial court did not err in dismissing Plaintiffs' claims against Foust for negligent misrepresentation. Point two on appeal is denied.

**B.      Equitable Garnishment**

In their third and final point on appeal, Plaintiffs claim the trial court erred in granting summary judgment in favor of American Family on Plaintiffs' claims for equitable garnishment because there were multiple genuine issues of material fact precluding such judgment.

8

We review the trial court's grant of summary judgment *de novo*. *Extended Stay, Inc.*, 375 S.W.3d at 841 (internal citation omitted). We view the record in the light most favorable to the party against whom the judgment was entered, and we give that party the benefit of all reasonable inferences from the record. *Id.* If the movant is a defendant, as American Family is here, summary judgment is proper if the party shows, among other things, facts that negate any one of the required elements of proof. *Id.* Summary judgment may also be proper where the defendant shows there is no genuine dispute as to each of the facts necessary to support a properly pleaded affirmative defense. *Id.*

Pursuant to Section 379.200 RSMo (2000),[5] upon recovery of a final judgment against a person or corporation for damage to property, among other things, the judgment creditor is entitled to have the insurance money if the defendant was insured against such loss at the time the cause of action arose. Thus, in order to prevail on an action for equitable garnishment, a plaintiff must prove he has obtained a judgment in his favor against an insurance company's insured during the policy period, and the injury is covered by the insurance policy. *Peck v. Alliance Gen. Ins. Co.*, 998 S.W.2d 71, 74 (Mo. App. E.D. 1999).

To be entitled to summary judgment on Plaintiff's claim for equitable garnishment, the burden rests upon American Family to show there are no genuine issues of material fact and movant is entitled to judgment as a matter of law. *Zerebco v. Lolli Bros. Livestock Market*, 918 S.W.2d 931, 934 (Mo. App. W.D. 1996). American Family must make more than an argument in its motion for summary judgment. *Goodson v. Simpelo*, 918 S.W.2d 324, 327 (Mo. App. E.D. 1996) (citing *ITT Commercial Finance v. Mid-America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993)). American Family must

---

[5] All further statutory references are to RSMo (2000).

demonstrate, through affidavits, or other supporting documentation, that it is entitled to judgment as a matter of law based upon undisputed facts. *Id.*

According to American Family, the policy unambiguously provides coverage for Plaintiffs' personal property only up to $2,500.00, and American Family paid the limits of liability of $2,500 to Busey Truck. Thus, in its motion for summary judgment, American Family was required to allege undisputed material facts to demonstrate the applicability of the asserted $2,500.00 limit of coverage for the loss of Plaintiffs' property. However, American Family failed to do so. Instead, in its motion for summary judgment, American Family alleged only that the limit applied and American Family paid the asserted limit to Busey Truck. American Family did not make any specific allegations of undisputed fact to support its contention that this limit of liability applied.

In addition, in its statement of uncontroverted material facts, American Family asserted only that the attached exhibit was an accurate copy of the insurance policy and that American Family previously paid $2,500.00. In support of its statement of uncontroverted facts, American Family filed only the 117-page insurance policy and an affidavit from a claims manager from American Family stating American Family paid $2,500 directly to Busey Truck and no other coverage exists. American Family did not provide any other reference to pleadings, affidavits, or other documentation to support its contention that the $2,500.00 limit applied to Plaintiffs' loss and no other coverage existed under the policy. *See Goodson*, 918 S.W.2d at 326, 327 (absent affidavits, interrogatories, depositions, or other evidence showing no genuine issue of fact, record did not demonstrate right to judgment as a matter of law). The policy itself, without evidence of any of the underlying facts which would result in the applicability of the

10

asserted limit of liability, does not clearly establish American Family's right to judgment as a matter of law.[6]

Here, American Family did not sufficiently allege or establish by supporting documentation any undisputed facts in the record before us to support its contention the $2,500.00 limit of coverage applied to the loss of Plaintiffs' property. Therefore, American Family did not meet its burden of making a prima facie showing it was entitled to summary judgment. As a result, based on the summary judgment record before us, we cannot conclude American Family has established a right to judgment as a matter of law based upon undisputed facts. As such, the trial court erred in granting summary judgment in favor of American Family on Plaintiffs' claim of equitable garnishment. *See Goodson*, 918 S.W.2d at 327. Point three on appeal is granted.

### III. CONCLUSION

The judgment of the trial court dismissing Plaintiffs' claims of negligent failure to procure insurance and negligent misrepresentation against Foust for failure to state a claim is affirmed. The judgment of the trial court granting summary judgment in favor of American Family on Plaintiffs' claim of equitable garnishment is reversed and remanded for further proceedings consistent with this opinion.

ROBERT M. CLAYTON III, Chief Judge

Roy L. Richter, J. and
Gary M. Gaertner, Jr., J., concur.

---

[6] For example, the policy contains multiple provisions in separate sections regarding personal property of others in the care, custody, and control of Busey Truck, both excluding damage to such property from liability and providing for coverage of such property as well as for potential extensions of coverage for such property. In addition, an endorsement attached to the policy appears to change the property policy to add coverage for personal property of others for $40,000.00, which well exceeds American Family's asserted limit of $2,500.00.

11