IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 2, 2025

## RIDGEVIEW PARTNERS, LLC D/B/A RAVELLE AT RIDGEVIEW v. MICHELLE OKOREEH-BAAH KEISTER

**Appeal from the Circuit Court for Davidson County**
**No. 24C1002          Thomas W. Brothers, Judge**

_____

**No. M2024-01532-COA-R3-CV**

_____


In this unlawful detainer action, the landlord obtained judgment in the general sessions court against a tenant for failure to pay rent. The tenant, who remained in possession of the subject property, appealed the judgment to the circuit court without posting a bond for possession as required by Tennessee Code Annotated § 29-18-130(b)(2)(A). In the absence of a bond, the landlord sought immediate possession of the property. The tenant moved to proceed on appeal without a bond, arguing that the affidavit of indigency she had filed with the general sessions court sufficed in lieu of a surety bond for her appeal. The circuit court ordered the tenant to either surrender possession of the property or post a possession bond. After the tenant failed to surrender possession or post a bond, the circuit court issued a writ of possession in favor of the landlord, which the landlord executed shortly thereafter. Having regained possession of the property, the landlord filed a notice of voluntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.01. The trial court accordingly entered an order dismissing the case with prejudice. The tenant has appealed the dismissal to this Court, arguing that because she had filed an affidavit of indigency in the general sessions court pursuant to Tennessee Code Annotated § 27-5-103, she should have been permitted to retain possession of the property pending resolution of her appeal to the circuit court without posting a bond. Discerning no reversible error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JEFFREY USMAN and VALERIE L. SMITH, JJ., joined.

Michelle Okoreeh-Baah Keister, Pro Se.

Trevor S. Baskin, Nashville, Tennessee, for the appellee, Ridgeview Partners, LLC d/b/a/ Ravelle at Ridgeview.

## OPINION

### 1. Factual and Procedural Background

The instant case arises from the March 21, 2024 detainer summons filed by the plaintiff, Ridgeview Partners, LLC d/b/a Ravelle at Ridgeview ("Ridgeview"), against the defendant, Michelle Okoreeh-Baah Keister, in the Davidson County General Sessions Court ("general sessions court"). Ridgeview sought damages and an award of possession of its real property located on Eagle View Boulevard in Antioch, Tennessee ("the Property"), due to Ms. Keister's alleged failure to pay rent. The case was set to be heard before the general sessions court on April 2, 2024. Ms. Keister filed two affidavits requesting a continuance of the matter, and the general sessions court reset the case for hearing on April 17, 2024.

On April 17, 2024, the general sessions court granted default judgment for possession of the Property in favor of Ridgeview. Ms. Keister appealed the judgment to the Davidson County Circuit Court ("trial court") without executing bond for possession, as is required for appeals from detainer actions pursuant to Tennessee Code Annotated § 29-18-130(b)(2)(A). On April 26, 2024, Ridgeview filed a "Motion for Immediate Issuance of Writ of Restitution," seeking immediate possession of the Property because Ms. Keister had failed to post the requisite bond.[1] Ms. Keister filed a motion to proceed without a bond, arguing that she should be permitted to file her appeal as an indigent person pursuant to Tennessee Rule of Civil Procedure 62.05(2), which provides that a "party may proceed [on appeal from a judgment for possession of real property] as an indigent person without giving any security as provided in Rule 18 of the Tennessee Rules of Appellate Procedure."[2] Ridgeview responded in opposition, arguing that even had Ms. Keister

---

[1] Throughout the proceedings below, the terms "writ of possession" and "writ of restitution" were used interchangeably. In this Opinion, we will employ the term "writ of possession" in keeping with the statutory language. *See* Tenn. Code Ann. § 29-18-130(a).

[2] Although Ms. Keister argued before the trial court that Tennessee Rule of Civil Procedure 62.05 relieves an indigent person of the cost bond requirement when appealing from a judgment ordering possession of real property, *see* Tenn. R. Civ. P. 62.05(2), she has neither raised that issue in the argument section of her brief nor presented it in her statement of the issues. Therefore, we deem that argument to be waived on appeal. *See Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) ("Appellate review is generally limited to the issues that have been presented for review."). Instead, Ms. Keister relies solely on § 27-5-103(a)—the statute governing costs and appeal bonds generally—to argue that an indigent person may present an affidavit of indigency in lieu of a cost bond to perfect his or her appeal from a judgment in the general sessions court. Ms. Keister does cite in her brief to Tennessee Rules of Civil Procedure 62.04 and 62.05 for the proposition that the rules "provide for damages in cases where a judgment is improperly executed." However, because we find that the judgment and the writ of possession were properly executed, we

properly perfected her appeal by filing an oath of indigency in lieu of a cost bond, Ms. Keister was still required to post a bond pursuant to § 29-18-130 if she wished to retain possession of the Property pending resolution of her appeal. Ridgeview further contended that if Ms. Keister failed to post the bond, she should be required to surrender possession of the Property immediately.

The trial court conducted a hearing on the countervailing motions on April 26, 2024. During the hearing, the trial court explained to Ms. Keister that she was required to post a bond "to protect the landlord for the property" pending resolution of the appeal. Accordingly, the trial court instructed Ms. Keister to either post the bond for possession or "vacate the premises" by May 17, 2024. On May 6, 2024, the trial court entered a written order reflecting its decision made during the April 26, 2024 hearing and directing that should Ms. Keister remain in possession of the Property without posting the requisite bond as of May 17, 2024, a writ of possession "may immediately issue."

By May 17, 2024, Ms. Keister had neither surrendered possession of the property nor posted a bond. Instead, Ms. Keister had filed another motion requesting that the trial court stay issuance of the writ of possession. Ms. Keister again argued that pursuant to Tennessee Rule of Civil Procedure 62.05, her affidavit of indigency should have been sufficient to satisfy the bond requirements of § 29-18-130(b)(2). After hearing arguments on both sides, the trial court denied Ms. Keister's motion for a stay of the writ of possession. The trial court reiterated that although Ms. Keister's affidavit of indigency was sufficient as surety to proceed with her appeal, she was still required to post a bond pursuant to § 29-18-130(b) to maintain possession of the Property pending resolution of the appeal. The trial court reasoned:

> [T]he case of *Johnson v. Hopkins*, 432 S.W.3rd 840 [(Tenn 2013)], seems to be controlling, and *Johnson* points out that the bond requirements of [§ 29-18-130(b)] applies to a tenant in an unlawful detainer action who wishes to stay a writ of possession after judgment in favor of the landlord, and retain possession of the property during the appeal. The Court finds, as *Johnson* noted, that that is supplemental to Rule 62.05. While an affidavit of indigency can suffice for the necessary surety bond for an appeal—that, which pays for court costs associated with it—that's an entirely separate matter from the right of the landlord to be secured to be denied possession after possession has been awarded in the General Sessions Court. So absent the Court finding that some smaller bond is sufficient—as we discussed last time we were here, I think I told you I would consider a request, if you had one, for a lesser bond. But it seems as though your request is to simply rely upon your affidavit of indigency and saying that you don't have any money[.]

determine Ms. Keister's argument concerning damages to be unavailing.

- 3 -

Additionally, the trial court granted Ms. Keister's request to set the matter for trial and chose a tentative date of October 2, 2024. The trial court reminded Ms. Keister that for her appeal to continue without a bond, she needed to vacate the Property as soon as possible. To afford Ms. Keister additional time to find a new place to live, the court advised Ridgeview that it would not authorize issuance of a writ of possession before June 1, 2024. Notably, the trial court repeatedly stated that it would consider setting the bond amount for less than the statutory amount, but Ms. Keister did not request a reduced bond amount.

By June 1, 2024, Ms. Keister had neither posted a bond nor relinquished possession of the Property. Accordingly, the trial court authorized issuance of a writ of possession, which was executed by the deputy sheriff on June 18, 2024, and resulted in ouster of Ms. Keister from the Property.[3] Having regained possession of the Property, Ridgeview filed a motion for voluntary dismissal of its complaint pursuant to Tennessee Rule of Civil Procedure 41.01, and on August 30, 2024, the trial court entered an order dismissing the case with prejudice. Ms. Keister, acting *pro se*, filed a timely notice of appeal.

## II. Issues Presented

Ms. Keister raises the following issues on appeal, which we have reordered and restated as follows:

1. Whether the trial court erred by issuing a writ of possession without a judgment, and whether Ms. Keister is entitled to compensatory and punitive damages due to that error.

2. Whether the trial court misrepresented the law by requiring Ms. Keister to pay a cash bond to stay the judgment pending resolution of her appeal.

## III. Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law *de novo* with no presumption of correctness. *See Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins.*

---

[3] The order authorizing issuance of the writ and the return of the writ of possession, as executed by the deputy sheriff, were not included in the appellate record. Instead, Ridgeview included the return as an exhibit to its appellate brief. Neither party disputes that the writ was executed by the deputy sheriff in June 2024 and that possession of the Property was thereby restored to Ridgeview.

- 4 -

*Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). Statutory construction is a matter of law; therefore, our standard of review concerning interpretation of a statute is *de novo* with no presumption of correctness. *See Lavin v. Jordan*, 16 S.W.3d 362, 364 (Tenn. 2000). In addition, the trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

Regarding *pro se* litigants, this Court has determined:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

IV. Bond Requirement

Ms. Keister argues that the trial court should not have issued the writ of possession of the Property in favor of Ridgeview "without a judgment." Despite this language, Ms. Keister does not dispute that the general sessions court had granted default judgment in favor of Ridgeview for possession of the Property. Instead, Ms. Keister contends that the trial court should have stayed execution of the writ of possession pending a resolution of her appeal from that judgment. Ridgeview counters that the trial court properly issued the

writ of possession because Ms. Keister failed to perfect her appeal by posting an appeal bond as required by Tennessee Code Annotated § 29-18-130.

The version of § 29-18-130 that was in effect when Ms. Keister filed her appeal to the trial court provided in pertinent part:

> (a)    When judgment is rendered in favor of the plaintiff, in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the plaintiff restored to the possession immediately.
>
> * * *
>
> (b)(2)(A)    If the defendant prays an appeal, then the defendant must execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for in this section, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

Tenn. Code Ann. § 29-18-130 (West April 8, 2022, to June 30, 2024). Ridgeview maintains that because Ms. Keister did not post any bond or surety as required by § 29-18-130(b)(2)(A), her appeal was never perfected and the trial court's issuance of the writ of possession was proper pursuant to the default judgment that had been previously entered in favor of Ridgeview by the general sessions court. Ms. Keister posits that she was not required to post a bond as surety for her appeal because she had previously filed an affidavit of indigency in lieu of a bond in the general sessions court. In support of her argument, Ms. Keister relies on Tennessee Code Annotated § 27-5-103(a), which provides that when an individual appeals from a decision of the general sessions court, "the person appealing shall give bond with good security . . . or take the oath for poor persons." (Emphasis added.) Ms. Keister asserts that this statutory language provides an alternative to the appeal bond requirement for indigent litigants.

Ms. Keister is generally correct that an affidavit of indigency may suffice in lieu of a cost bond to perfect an indigent person's appeal from general sessions court. As this Court has explained concerning the procedure for such appeals:

- 6 -

Section 27-5-103 sets forth the bond requirement for an appeal from general sessions court; it states that "before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons." T.C.A. § 27-5-103(a) (2000). This is necessary in order to "perfect" the appeal:

> [T]he timely filing of a notice of appeal is not the only prerequisite for perfecting a de novo appeal to circuit court from the general sessions court. Persons desiring a de novo appeal must also file a cost bond or an affidavit of indigency. Tenn. Code Ann. § 20-12-127 (1994); Tenn. Code Ann. § 27-5-103 (2000); 1 Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 3.11 at 261-62 & n. 8 (2007). A de novo appeal to circuit court is perfected only after both the notice of appeal and the appeal bond or affidavit of indigency has been filed. *Clay v. Barrington Motor Sales, Inc.*, 832 S.W.2d 33, 34 (Tenn. Ct. App. 1992); *cf. City of Tullahoma v. Woods*, No. 01A01-9106-CV-00201, 1991 WL 181853, at *1-2 (Tenn. Ct. App. Sept. 18, 1991).

> *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *6 (Tenn. Ct. App. Jan. 29, 2008). "The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it." *City of Red Boiling Springs v. Whitley*, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989) (citing *Chapman v. Howard*, 71 Tenn. 363 (1879)).

> The failure of an appellant from general sessions court to comply with the statutory security requirement means that the circuit court never acquires subject matter jurisdiction over the appeal: "The only way that a circuit court may acquire subject matter jurisdiction over a case litigated in a general sessions court is through the timely perfection of a *de novo* appeal." *Discover Bank*, 2008 WL 245976 at *8.

*Sturgis v. Thompson*, 415 S.W.3d 843, 845-46 (Tenn. Ct. App. 2011). The bond requirement of § 27-5-103(a) "prescribes the jurisdictional cost bond, which is always required of a party seeking to appeal from general sessions to circuit court." *See Johnson v. Hopkins*, 423 S.W.3d 840, 849 (Tenn. 2013). Thus, as Ms. Keister points out, an appeal from general sessions court must be perfected by either "giv[ing] bond with good security" or "tak[ing] the oath for poor persons." *See* Tenn. Code Ann. § 27-5-103(a).

However, in a detainer action such as this one, a tenant's appeal from a general sessions court's judgment is additionally governed by § 29-18-130, which requires the

tenant—regardless of indigent status—to post a bond for possession if the tenant wishes to retain possession of the subject property pending appeal. Ms. Keister urges that the "requirement for a bond in this case places an undue burden on [Ms. Keister] and potentially denies access to justice." Concerning the cost of appeal bonds and their effect on indigent litigants, our Supreme Court has instructed:

> It may be argued that some appeal bonds can be so costly as to deny equal protection to poorer litigants by effectively foreclosing avenues of obtaining a jury trial if one is desired. The appeal bond requirements of T.C.A. § 29-18-128 through § 29-18-130 [the statutes governing appeals from detainer actions] do not impose any unreasonable or irrational burdens upon parties seeking to appeal an adverse decision from the general sessions court. Moreover, the right to appeal and the concomitant right to a trial by jury is preserved even for those litigants without financial resources. As this Court has long recognized, if a party "is willing to surrender possession pending the litigation in the higher courts, there is a remedy by appeal which may be obtained on the pauper oath." *See Ammons v. Coker*, 124 Tenn. 676, 681, 139 S.W. 732, 733 (1911).

*Newport Hous. Auth. v. Ballard*, 839 S.W.2d 86, 89-90 (Tenn. 1992) (emphasis added); *cf. Johnson*, 423 S.W.3d at 848 ("[W]e conclude that the bond requirement of section 29-18-130(b)(2) is not jurisdictional and applies only to those tenants in an unlawful detainer action who wish to stay the writ of possession after a general sessions court's judgment in favor of the landlord and retain possession of the property during the appeal.") (emphasis added).

The possession bond requirement outlined in § 29-18-130 is separate and distinct from the jurisdictional cost bond requirement in § 27-5-103. As this Court has further clarified:

> Tennessee law clearly requires a tenant, who seeks to retain possession of a property during an unlawful entry and detainer appeal, to post a possession bond in the amount of one year's rent. *Johnson*, 432 S.W.3d at 850. As this Court previously stated, "[i]mpoverished tenants may appeal the result in an unlawful detainer action on a pauper's oath. What they may not do is to retain possession of the premises during the appellate process without posting bond." *Johnson v. Hayden*, No. 03A01-9212-CV-00456, 1993 WL 155681, at *1 (Tenn. Ct. App. May 13, 1993). "In cases where a litigant does not have the financial resources to post bond in the amount . . . [of] the value of one year's rent, if the party 'is willing to surrender possession pending the litigation in the higher courts, there is a remedy by appeal which may be obtained on the pauper oath.'" *Pledged Prop. II, LLC v. Morris*, No. W2012-01389-COA-R3-CV, 2013 WL 1558318, at *4 (Tenn. Ct. App. Apr. 15,

2013) (quoting *Newport Hous. Auth. v. Ballard*, 839 S.W.2d 86, 90 (Tenn. 1992); *Ammons v. Coker*, 124 Tenn. 676, 681, 139 S.W. 732, 733 (Tenn. 1911)).

*Crye-Leike Prop. Mgmt. v. Dalton*, No. W2015-02437-COA-R3-CV, 2016 WL 4771769, at *4 (Tenn. Ct. App. Sept. 12, 2016).

Here, Ridgeview obtained a default judgment for immediate possession of the Property from the general sessions court on April 17, 2024. When Ms. Keister appealed that decision to the trial court, she was required to either (1) surrender possession of the Property or (2) post a sufficient possession bond "in the amount of one (1) year's rent" to maintain possession of the Property pending resolution of her appeal. *See* Tenn. Code Ann. § 29-18-130(b)(2)(A); *see also Newport*, 839 S.W.2d at 89-90; *Johnson*, 423 S.W.3d at 848; *Crye-Leike Prop. Mgmt.*, 2016 WL 4771769, at *4. Ms. Keister neither surrendered possession of the Property nor posted a possession bond. Therefore, we determine that the trial court properly authorized issuance of the writ of possession in favor of Ridgeview and that the writ was properly executed to restore possession of the Property to Ridgeview. *See* Tenn. Code Ann. § 29-18-130(a) ("When judgment is rendered in favor of the plaintiff, in any action of [unlawful detainer], brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the plaintiff restored to the possession immediately.").

Additionally, because we determine that the writ of possession was properly issued and executed, we decline to award to Ms. Keister compensatory or punitive damages resulting from issuance of the writ. We further conclude that the trial court properly dismissed Ridgeview's detainer action with prejudice, pursuant to Tennessee Rule of Civil Procedure 41.01, and properly denied Ms. Keister's subsequent motion to "strike" the writ of possession.

V. Conclusion

For the above-stated reasons, we affirm the judgment of the trial court in all respects. This case is remanded to the trial court for enforcement of the judgment and collection of costs below. Costs on appeal are assessed to the appellant, Michelle Okoreeh-Baah Keister.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE